SLIP OPINION

2015 Ark. App. 74

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-11-1243

|  |  |
|---|---|
| | **Opinion Delivered** February 11, 2015 |
| RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC.<br>APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CV-06-920-3] |
| V. | HONORABLE GRISHAM PHILLIPS, JUDGE |
| TASHA SIMS and JOHN SIMS<br>APPELLEES | REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

Ryan Roggasch and Elite Homes of Arkansas, Inc. appeal from a $209,244 judgment in favor of Tasha and John Sims. The Simses sued Roggasch and Elite Homes for negligence, breach of warranty, and deceptive trade practices arising from an allegedly faulty construction of the Simses' home in Saline County. This appeal was stayed pending the outcome of bankruptcy proceedings in federal court, but the bankruptcy stay has now been lifted. We are, however, unable to decide the appeal's merits today because of multiple briefing deficiencies.

Arkansas Supreme Court Rule 4-2(a)(5)(B) (2013) provides that "[n]o more than one page of a transcript shall be abstracted without giving a record page reference." Abstract pages 163 to 202 do not refer to a record page, which violates the rule to an extent that we may not overlook. And many evidentiary objections in the abstract are reproduced verbatim as they appear in the record—though appellants make no

evidentiary-related arguments on appeal. *See Am. Transp. Corp. v. Exch. Capital Corp.*, 84 Ark. App. 28, 129 S.W.3d 312 (2003) (an abstract can be deficient for containing too much material, as well as too little).

There is also an addendum-related deficiency. Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) (2013) lists many documents that must be included in the addendum. Missing from the appellants' addendum are: some pleadings; jury instructions; a proffered jury instruction; posttrial and postjudgment motions; and the motion to extend the time to file the record on appeal, and any related response, reply, or exhibit related to it.

Roggasch and Elite Homes have fifteen days from this opinion's date to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4–2(b)(3). Our list is not an exhaustive one, so we encourage appellants to review the rules and ensure that no other deficiencies exist.

Rebriefing ordered.

ABRAMSON and GLOVER, JJ., agree.

*Dyer and Jones*, by: *Dustin D. Dyer*, for appellants.

*David C. Hawkey*, for appellees.