SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–11–1243

| | |
|---|---|
| | **Opinion Delivered** August 26, 2015 |
| RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC.<br>APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO.CV-06-920-3] |
| V. | HONORABLE GRISHAM PHILLIPS, JUDGE |
| TASHA SIMS and JOHN SIMS<br>APPELLEES | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

A Saline County jury awarded Tasha Sims and John Sims $209,244 in damages against Ryan Roggasch and Elite Homes of Arkansas, Inc. Roggasch and Elite Homes raise six points on appeal: (1) the circuit court erred in permitting Plaintiff John Sims to proceed as a party to the case; (2) the court erred in instructing the jury on an alleged violation of the deceptive trade practice act; (3) the court erred in instructing the jury on both negligence and contract claims; (4) the court erred in allowing the jury to consider claims against Ryan Roggasch; (5) the court erred in not requesting that the jury allocate damages for each claim against each defendant; (6) the court abused its discretion in awarding attorney's fees and prejudgment interest. Roggasch and Elite Homes's appellants' brief, and the record, remain deficient despite our prior effort to posture this

case for a merits-based decision. *See Roggasch v. Sims*, 2015 Ark. App. 74. More needs to be done procedurally before the merits may be decided.

First, the unsettled record issues. The Simses' supplemental addendum contains a filed-marked copy of their posttrial petition for attorney's fees, costs, and postjudgment interest. Yet our record does not contain the petition that was filed on 4 April 2012, or its related exhibits. This material is relevant and necessary to decide Roggasch and Elite Homes's sixth point on appeal. Jury instructions are also missing from the record. The record transcript contains a jury-instruction conference, during which the court referred to certain instructions by number; but the written jury instructions the court referred to during the jury-instruction conference are not in the record, save one proffered instruction. All jury instructions are material to our review of this case, so we direct appellants to correct these deficiencies by filing a certified, supplemental record containing (a) all the jury instructions the court gave in this case, and (b) any missing pleadings— including the April 4 posttrial petition for attorney's fees and all related exhibits. *See Moss v. State*, 2010 Ark. App. 721.

This brings us to a second point: Roggasch and Elite Homes's addendum and abstract are incomplete. They did not abstract any of the court's discussion about jury instructions, and as we have said, the jury instructions are relevant to the appellants' points two through five. Nor does the addendum contain a proffered jury instruction. When filing a substituted addendum and abstract, Roggasch and Elite Homes should ensure that their abstract includes the jury-instruction conference and that their addendum includes all written jury instructions and any pleadings filed in the case (including all posttrial motions

and exhibits) that are material to a full understanding of the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5)(A) and (a)(8)(A)(i). Roggasch and Elite Homes have thirty days from this opinion's date to file the certified, supplemental record with our clerk's office; and they have fifteen days after the supplemental record has been filed with the clerk of this court to file a brief that complies with our rules. Ark. Sup. Ct. R. 4-2(b)(3)–(4).

Remanded to settle and supplement the record; rebriefing ordered.

KINARD and GLOVER, JJ., agree.

*Dyer and Jones*, by: *Dustin D. Dyer*, for appellant.

*David C. Hawkey*, for appellees.