2012 Ark. App. 162
**Cornelius Joseph McCASTLE, Appellant**

v.

**STATE of Arkansas, Appellee.**
**No. CA CR 09–933.**

Court of Appeals of Arkansas.

Feb. 22, 2012.

Ronald Laval Davis, Jr., Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Rachel M. Hurst, Little Rock, for appellee.

JOSEPHINE LINKER HART, Judge.

This case is once more before us after we twice remanded it to correct problems in the judgment and commitment order. Cornelius Joseph McCastle was found guilty in an Arkansas County jury trial of possession of cocaine with intent to deliver. He received a sentence of seventeen years in the Arkansas Department of Correction. On appeal, he challenges the sufficiency of the evidence and the trial court's decision to admit the drug-analysis report into evidence. We affirm.

The pertinent evidence regarding McCastle's constructive possession of the narcotics is as follows. At trial, Demarco Hall testified that he was riding in a truck driven by McCastle on the night of July 17, 2008. A police car pulled behind the truck and activated its blue lights. McCastle stopped the truck, and Hall got out and ran. The police officer left his vehicle and chased after Hall, leaving McCastle alone in the truck.

Cody Warwick, a former Stuttgart Police officer, testified that he was riding with Officer David Carraway when Carraway stopped McCastle's truck. According to Warwick, the purpose for the stop was to serve a warrant on an individual that they believed was occupying the truck. Warwick chased Hall on foot while Carraway attempted to head Hall off with the police car. When Warwick returned to the area, Captain Dennis Mannis was on the scene.

Mannis testified that he heard a transmission over the police radio about the pursuit of Hall. When he arrived on the scene, Hall had been apprehended, but no one was with McCastle's truck. He attempted to determine the ownership and called for a tow truck. McCastle then emerged from around a nearby house. McCastle asserted that the truck belonged to his mother. Mannis informed McCastle that a tow truck had been summoned because the truck was locked and that the police had to inventory the contents. He asked McCastle if he had a key, and McCastle told him that there was a spare key under the hood. He then asked McCastle if there were any weapons or drugs in the truck. McCastle stated that there were some hydrocodone pills in the upper console case and above the driver's seat there was a black pouch in which there was some cocaine. Mannis retrieved the suspected narcotics from the locations that McCastle specified and photographed the items on the scene. Mannis's inventory list, which was admitted into evidence, stated that the seized items were a "clear bag with numerous hydrocodone pills" and a "clear bag with off white substance believed to be powdered cocaine." Also admitted into evidence were the two forms that were used to submit the seized items to the State Crime Lab. On those forms, the items were described as a "Clear plastic bag Containing white pill bars" and a "Clear plastic bag Off white rock sub. Believed to be crack cocaine."

Over McCastle's objection, an Arkansas State Crime Laboratory (crime lab) report was admitted into evidence, stating that the items submitted by Mannis were 60 naproxen tablets, 1.6744 grams of cocaine nicotinamide, and .2 grams of marijuana. McCastle argued that the report was inadmissible because of the differences in what Mannis listed on his search inventory, what was listed on the crime-lab submission sheets, and what was tested as stated in the crime-lab report. Mannis, however, denied that the evidence had been tampered with and attributed the discrepancies to his having prepared the inventory at night, which caused him to overlook the marijuana. McCastle was convicted as a habitual offender of simple possession of

cocaine.[1]

On appeal, McCastle first argues that the trial court erred by denying his directed-verdict motion because there was no evidence that he had actual possession of cocaine and there was insufficient proof of "linking factors" to satisfy the legal requirements of constructive possession. Citing *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995), he concedes that the pouch containing the contraband was found "up over the driver's seat" but asserts that the other enumerated "linking factors" discussed in that case were not present. The *Kilpatrick* linking factors includes: 1) whether the contraband is in plain view; 2) whether the contraband is found with the accused's personal effects; 3) whether the contraband is found on the same side of the car seat as the accused was sitting or in near proximity to it; 4) whether the accused is the owner of the automobile, or exercises dominion and control over it; 5) whether the accused acted suspiciously before or during the arrest. McCastle asserts that the cocaine was not found in his personal effects, that he did not own the vehicle, and that he did not act suspiciously prior or during the arrest. We disagree.

An appeal from the denial of a motion for directed verdict is a challenge to the sufficiency of the evidence. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclu-

sion one way or the other, without resort to speculation or conjecture. *Id.* Viewing the evidence in the light most favorable to the State means that we consider only the evidence that supports the verdict. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147.

It is not necessary for the State to prove literal physical possession of drugs in order to prove possession. *Dodson, supra.* Possession of drugs can be proved by constructive possession. *Id.* Although constructive possession can be implied when the drugs are in the joint control of the accused and another, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some other factor linking the accused to the drugs. *Kilpatrick, supra.*

First, there is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband. *Miller v. State*, 68 Ark.App. 332, 6 S.W.3d 812 (1999). Second, it is not necessary that a criminal defendant own the vehicle to be linked to the contraband found therein. All that is required is that the defendant exercises "dominion and control over it," and proof that the defendant is the driver of the vehicle is evidence that he exercised dominion and control over it. *McKenzie v. State*, 362 Ark. 257, 208 S.W.3d 173 (2005). Finally, the location of the cocaine, which McCastle acknowledges was above the driver's seat, was in close proximity to where he was sitting in the vehicle, which indicated that he had dominion and control over the drugs. Accordingly, we hold that there was sufficient proof that he constructively possessed the cocaine.

1. McCastle had been charged with possession of hydrocodone with intent to deliver and possession of cocaine with intent deliver.

The State nolle-prossed the hydrocodone count, and the jury convicted McCastle of the lesser offense of simple possession of cocaine.

■ We next consider McCastle's argument that the trial court erred in admitting the crime-lab report into evidence because the State failed to prove the authenticity of the evidence and the proper chain of custody. Mannis testified that he seized the suspected contraband from McCastle's vehicle. He photographed the items at the scene and placed the items in a bag in his police vehicle. The photographs were admitted into evidence. According to Mannis, he deposited the items in the Stuttgart Police Department evidence room.

Mannis listed the items on a form captioned "Tri–County Drug Task Force Search Warrant/Consent Search Inventory List" as "clear bag with numerous hydrocodone pills" and "clear bag with off white substance believed to be powdered cocaine." Subsequently, on the Arkansas Crime Laboratory Evidence Submission Forms, he listed the items as "Clear plastic bag Containing white pill bars" and "Clear plastic bag Off white rock sub. believed to be crack cocaine." A document titled "State Crime Laboratory Report of Laboratory Analysis" stated that the test results revealed that the submitted items were 60 naproxen tablets, 1.6744 grams of cocaine nicotinamide, and .2 grams of marijuana.

At trial, Mannis was asked to open the envelope containing the material returned from the crime lab. He recognized a green, leafy substance as marijuana. Mannis was asked to reconcile the discrepancies between what the submission sheet listed and what the crime lab tested and returned. He stated that ordinarily his department did not send marijuana to the crime lab for analysis and could only suggest that he "must have missed it." Over McCastle's objection, the trial court admitted the crime lab report into evidence.

Citing *Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582 (1997), which he urges us to find analogous, McCastle argues that the trial court erred in admitting the crime lab report into evidence because the "trustworthiness of the report is not reliable." He notes the discrepancies in the description of the suspected cocaine and the presence of marijuana in the report and the returned material as proof of tampering with the evidence. McCastle asserts that admission of the report was an abuse of discretion. We disagree.

■ We review trial court decisions to admit evidence under an abuse of discretion standard. *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001). The purpose of a chain of custody is to prevent the introduction of evidence that has been tampered with or is not authentic. *Walker v. State*, 367 Ark. 523, 241 S.W.3d 734 (2006). The State is not required to eliminate every possibility of tampering with the evidence; the trial court must be satisfied within a reasonable probability that there has been no tampering. *Id.* A decision to admit evidence despite minor discrepancies between the description of the items submitted to the crime lab and the lab's report is not abuse of discretion. *Guydon, supra.*

We see no significant difference in the various descriptions of the suspected cocaine. However, there is more than a minor discrepancy in the description of the material purportedly sent to the crime lab—the marijuana was not listed at all—and what was tested there and returned to the Stuttgart Police Department. Nonetheless, Mannis explained the discrepancy, and the trial court found his explanation credible. Although not absolute, we defer to the fact-finder on credibility determinations unless the testimony is inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds

could not differ thereon. *Ockerman v. State*, 2011 Ark. App. 376, 2011 WL 2039356. We are mindful that the contraband was photographed at the scene, and that those color pictures were introduced into evidence. However, McCastle's addendum contained only poor-quality, black-and-white copies, which lack the detail to be of any value whatsoever. It is axiomatic that the record on appeal is limited to what is included in the appellant's abstract and addendum. *Heathman v. State*, 2009 Ark. App. 601, 2009 WL 3029000.[2] Accordingly, we hold that the trial court did not abuse its discretion in admitting the crime lab report.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

---

2. When we previously remanded this case, we gave McCastle's appellate attorney the opportunity to replace the black-and-white copies with clear, color images. *McCastle v. State*, 2011 Ark. App. 345, 2011 WL 1795301. Inexplicably, he did not heed our direction.