

# ARKANSAS COURT OF APPEALS

### DIVISION I
**No.** CR-17-157

| | |
|---|---|
| | **Opinion Delivered** November 15, 2017 |
| DEXTER WAYNE BALTIMORE<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-16-516] |
| V. | |
| | HONORABLE JAMES LEON JOHNSON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REVERSED AND DISMISSED |

## LARRY D. VAUGHT, Judge

Dexter Wayne Baltimore appeals a nonjury verdict entered by the Pulaski County Circuit Court convicting him of possession of cocaine, a Class D felony, in violation of Arkansas Code Annotated section 5-64-419(b)(1)(A) (Repl. 2016).[1] He was sentenced to two years of probation. On appeal, Baltimore challenges the sufficiency of the evidence supporting the possession-of-cocaine conviction. We reverse and dismiss the conviction for possession of cocaine.

At Baltimore's bench trial, the evidence revealed that on November 14, 2015, Officer Ryan Davidson of the North Little Rock Police Department initiated a traffic stop of a gray Toyota Camry after it failed to stop at an intersection and made a right turn without signaling.

---

[1]Baltimore was also convicted of possession of marijuana, a Class A misdemeanor, in violation of Arkansas Code Annotated section 5-64-419(b)(5)(A), and sentenced to one year of probation to run concurrently with his sentence for possession-of-cocaine conviction. He does not challenge his possession-of-marijuana conviction on appeal.

SLIP OPINION

When Davidson made contact with the driver, Baltimore, he (Davidson) smelled marijuana coming from inside the vehicle. The officer asked Baltimore to step out of the vehicle, and as he stepped out, the officer testified that he "observed . . . marijuana . . . in plain view" on Baltimore's seat. Davidson stated that there were two other passengers in the vehicle—one in the front passenger seat and another in the rear.

Based on these circumstances, Davidson conducted a search of Baltimore's vehicle. Davidson testified that "[d]uring the search, I located two crack rocks, I believe in the front center cup holder." Davidson said that there were "also small pieces of crack cocaine on the floorboard." The officer testified that he gathered and bagged the evidence and gave it to North Little Rock police officer Jeffrey Elenbaas, whom Davidson had called for assistance.

Elenbaas testified that he received a call from Davidson to assist with a traffic stop on November 14, 2015. Elenbaas stated that he helped identify the occupants of the vehicle, took custody of the evidence given to him by Davidson, and delivered the evidence to the police property room. Elenbaas further testified that as he stood "right next to the [passenger side of the] vehicle," he smelled the faint odor of marijuana coming from the vehicle but did not see any drugs in plain view. Gene Bangs, a forensic chemist with the Arkansas State Crime Lab, confirmed that the evidence he tested consisted of 0.1315 grams of marijuana and 0.0908 grams of cocaine.

Based on this evidence, the circuit court found Baltimore guilty of possession of marijuana and possession of cocaine. On appeal, Baltimore contends that the circuit court erred in denying his motion to dismiss the possession-of-cocaine charge because there was insufficient evidence that he constructively possessed the cocaine.

A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are both challenges to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2016). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Foster v. State*, 2015 Ark. App. 412, at 4, 467 S.W.3d 176, 179. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 467 S.W.3d at 179. We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 467 S.W.3d at 179.

It is unlawful for a person to possess a controlled substance. Ark. Code Ann. § 5-64-419(a). Possession of less than two grams of a Schedule I or Schedule II controlled substance that is methamphetamine or cocaine is a Class D felony. Ark. Code Ann. § 5-64-419(b)(1)(A).

It is not necessary for the State to prove literal physical possession of drugs in order to prove possession. *Mings v. State*, 318 Ark. 201, 207, 884 S.W.2d 596, 600 (1994). Possession of drugs can be proved by constructive possession. *Id.*, 884 S.W.2d at 600. Constructive possession requires the State to prove beyond a reasonable doubt that (1) the defendant exercised care, control, and management over the contraband and (2) the accused knew the matter possessed was contraband. *Walker v. State*, 77 Ark. App. 122, 125, 72 S.W.3d 517, 519 (2002).

Constructive possession can be inferred when the drugs are in the joint control of the accused and another. *Mings*, 318 Ark. at 207, 884 S.W.2d at 600. However, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.*, 884 S.W.2d at 600. There must be some other factor linking the accused to the drugs. *Id.*, 884

3

S.W.2d at 600. Other factors to be considered in cases involving automobiles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.*, 884 S.W.2d at 600.

Baltimore argues that the State failed to present substantial evidence of three of the five factors linking him to the cocaine. He contends that there was no evidence that the cocaine was found in his personal effects, that he acted suspiciously before or during the arrest, or that the cocaine was found in plain view. He concedes that the State presented evidence of two of the five linking factors—that he exercised dominion and control over the vehicle (based on testimony from Davidson that Baltimore was driving the vehicle when it was pulled over) and that the cocaine in the front center cup holder was found in close proximity to him. However, relying on *Walker*, Baltimore argues that this evidence is insufficient to raise a reasonable inference that he knew the cocaine was in the front cup holder. He contends that "[a]bsent 'plain view' proof, it is unreasonable for the fact-finder to infer that the driver of a jointly occupied automobile knew the contraband not in plain view was present in the automobile."

In *Walker*, our court held that substantial evidence failed to support the circuit court's finding of constructive possession where the evidence established only that the defendant was driving the jointly owned vehicle when it was pulled over and the controlled substance was found under the driver's seat. 77 Ark. App. at 126–27, 72 S.W.3d at 520. We held that this

evidence failed to raise a reasonable inference that the defendant had knowledge of the presence of the contraband. *Id.* at 127, 72 S.W.3d at 520.

As in *Walker*, the only evidence linking Baltimore to the cocaine is the fact that he was driving the jointly occupied vehicle when it was pulled over and the cocaine was found in the front center cup holder. Beyond these two factors, there is a lack of evidence linking Baltimore to the cocaine. Notably, the prosecution failed to elicit any testimony that established who owned the vehicle; whether the cocaine was found in plain view or whether things had to be moved in order to see it; where in the cup holder the cocaine was found; whether the cup holder was open or had a closed lid; the proximity of the cocaine in the front center cup holder to the front-seat passenger; on which floorboard the cocaine was found; whether the cocaine was found with Baltimore's personal effects; and whether he acted suspiciously before or during his arrest. Therefore, based on the facts of this case and on our holding in *Walker*, we hold that that the evidence was insufficient to raise a reasonable inference that Baltimore *knew* the two small rocks of cocaine were in the front center cup holder or on the floorboard.

The State argues that it not only presented evidence that Baltimore exercised dominion and control over the vehicle in which the cocaine was found and that the cocaine was found in close proximity to him, it also presented evidence that the cocaine was in plain view. The State argues, "Officer Davidson testified he found the cocaine in the front center cup holder and on the floor. It is not conjecture or speculation to believe that the cocaine was not covered and was indeed visible to Officer Davidson as he conducted his search." We disagree. While Davidson expressly testified that the marijuana was in plain view, he did not state that the cocaine was in plain view. He testified that he found it "during the search" of the vehicle.

While it is possible that Davidson saw the cocaine in plain view when he conducted his search, it is also equally possible that he did not. It would require conjecture and speculation to conclude that he saw the cocaine in plain view. We do not hold that Davidson was required to use the words "plain view" in his testimony; however, he must express in some fashion that he was able to see the cocaine by just looking inside the car or that he did not have to move anything to find the cocaine. There is no such testimony in this case.

The State also argues that it presented evidence that Baltimore acted suspiciously before and during his arrest. It points to evidence that Davidson and Elenbaas smelled marijuana inside the vehicle and that Davidson observed marijuana in Baltimore's seat after he stepped out of the automobile. While this might make one suspicious that Baltimore possessed marijuana, we do not agree that it makes one suspicious that Baltimore possessed cocaine. Furthermore, there was no testimony from Davidson or Elenbaas that Baltimore was acting nervous, sweating or shaking profusely, fled, made wild movements, gave a false name, or provided inconsistent or improbable stories or explanations—examples of suspicious behavior.

Keeping in mind our standard of review, we do not consider the evidence that does not support the conviction. *Harris v. State*, 2010 Ark. App. 123, at 4. Evidence that would tend to support a different conclusion is not to be considered. *Id.* We need only find substantial evidence of some linking factors to affirm the circuit court's determination that Baltimore constructively possessed the cocaine. *Id.* We also keep in mind that there is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband. *McCastle v. State*, 2012 Ark. App. 162, at 4–5, 392 S.W.3d 369,

SLIP OPINION

372. However, when viewing the evidence in the light most favorable to the State, the only evidence linking Baltimore to the cocaine was that he was driving the car where cocaine was found and the cocaine was found on one of the unidentified floorboards and in the front center cup holder in close proximity to him and his front-seat passenger. We hold that this evidence fails to give rise to a reasonable inference that he knew the cocaine was in the vehicle. Accordingly, we hold that substantial evidence does not support the circuit court's finding that Baltimore constructively possessed the cocaine.

Reversed and dismissed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael A. Hylden*, Ass't Att'y Gen., for appellee.