RAYMOND R. ABRAMSON, Judge
Appellant Frankie Dwayne Vonholt was convicted by a jury of the following charges: (1) conspiracy to commit delivery of methamphetamine; (2) possession of hydromorphone with the purpose of delivery; (3) possession of oxycodone with the purpose of delivery; and (4) trafficking of methamphetamine. He was charged as a habitual offender and was sentenced to the Department of Correction for 15 years on the conspiracy charge, 30 years on each delivery charge, and 80 years on the trafficking charge.[1] The terms of imprisonment are to run consecutively. He appeals his convictions, arguing that the circuit court erred by denying his motion for directed verdict because the State did not present sufficient evidence to establish that he (1) possessed methamphetamine, hydromorphone, or oxycodone,[2] and (2) conspired to deliver methamphetamine.
I. Factual History
At trial, the State presented the following evidence. Detective Napier of the Fort Smith Police Department arranged a controlled buy of methamphetamine. In a controlled buy, an officer gives a confidential informant (C.I.) money to purchase drugs from a suspect. Detective Napier was investigating Curtis Jones for drug distribution and arranged for a C.I. to perform a controlled buy with Jones. Detective Napier met with the C.I. on the morning of December 22, 2015, and had her purchase methamphetamine from Jones. The C.I. went to Jones's residence and purchased $200 worth of methamphetamine from Jones.
While at his residence, Jones insisted that the C.I. leave because "his source" would be arriving soon. Detective Napier testified that a source is a drug dealer who brings large amounts of drugs to a smaller dealer, who then sells the drugs. Shortly after the C.I. had left Jones's residence, *314 Frankie Vonholt arrived in a pickup truck. Detective Napier then obtained a search warrant and executed it on Vonholt's truck. Jones suggested that Detective Napier check some boots owned by Vonholt, which were in the back of the truck. Detective Napier found an Armor All container hidden in one boot that contained 248.5 grams of methamphetamine, a digital scale, Ziploc bags, and a pill bottle. The pill bottle contained .1964 grams of hydromorphone and .0996 grams of oxycodone. The pill bottle had Jones's name on it, and the State presented testimony that dealers such as Jones often give their source something of value-such as prescription drugs-when the dealer does not have enough money to give the source.
During the time Detective Napier was obtaining the search warrant, Vonholt and Jones both entered and left the residence several times. When the officers approached the residence to execute the search warrant, Vonholt and Jones were standing outside near the truck. Vonholt was standing on the driver's side of the truck with his arms hanging in the bed near the boots. In Vonholt's pockets, the officers found the $200 of prerecorded buy money that the C.I. had given to Jones.
After the State rested, Vonholt moved for directed verdict, and his motion was denied. A motion for directed verdict is a challenge to the sufficiency of the evidence. Matlock v. State , 2015 Ark. App. 65, 454 S.W.3d 776. In a challenge to the sufficiency of evidence presented at trial, this court considers only the evidence supporting the conviction in the light most favorable to the State and determines whether the verdict is supported by substantial evidence. Sweet v. State , 2011 Ark. 20, 370 S.W.3d 510. Substantial evidence is evidence that is forceful enough to compel a conclusion beyond suspicion or conjecture. Id. Circumstantial evidence can sustain a conviction when the jury decides that the evidence excludes every other reasonable hypothesis consistent with innocence. Coger v. State , 2017 Ark. App. 466, at 6, 529 S.W.3d 640, 646.
II. Possession of Contraband
A person possesses a controlled substance if he or she "exercise actual dominion, control, or management over a tangible object." Ark. Code Ann. § 5-1-102(15) (Repl. 2013). The State is not required to prove actual, physical possession of contraband. Mings v. State , 318 Ark. 201, 884 S.W.2d 596 (1994). Possession may be constructive if the State establishes beyond a reasonable doubt that the defendant exercised care, control, and management over contraband. Clark v. State , 2015 Ark. App. 679, 477 S.W.3d 544. Factors to consider in determining constructive possession include (1) whether contraband is in plain view, (2) whether contraband is found in the defendant's personal belongings, (3) whether contraband is found on the same side of the car seat as the defendant is sitting, (4) whether the defendant owns the car or exercises dominion and control over it, and (5) whether the defendant acted suspiciously before the arrest. McCastle v. State , 2012 Ark. App. 162, 392 S.W.3d 369.
Vonholt argues that the State did not present sufficient evidence to support the jury's finding that he possessed methamphetamine, hydromorphone, or oxycodone. However, the State presented evidence that the substances were all found in a boot owned by Vonholt in the bed of Vonholt's pickup truck, which he had driven to Jones's residence. There is substantial evidence to support a finding that Vonholt possessed the substances because they were hidden in his boot in the back of his truck. There is no evidence that anyone else was in the truck or exercised any *315 form of control over the truck. Vonholt exercised dominion and control over the truck by arriving in it; therefore, he exercised dominion and control over the substances found in his boot. The evidence showed that only Vonholt had control and dominion over the truck, and the jury could conclude beyond suspicion or conjecture that Vonholt possessed the drugs. While Vonholt argues that Jones was equally likely to have possessed the substances, the jury could have reasonably found that Jones's mere presence near the truck and knowledge that the drugs were in Vonholt's boot did not constitute another reasonable hypothesis. We hold that substantial evidence supports a finding that Vonholt possessed the substances.
Vonholt also argues that the fact the hydromorphone and oxycodone were found in a pill bottle bearing Jones's name negates a finding that he possessed these substances. However, the State presented testimony that dealers such as Jones often give sources such as Vonholt prescription drugs to satisfy a debt. The jury was free to believe this testimony and to believe that Vonholt possessed the substances. Furthermore, the pill bottle was found in Vonholt's boot in Vonholt's truck bed. Therefore, the circuit court did not err in denying Vonholt's motion for directed verdict with respect to possession of methamphetamine, hydromorphone, or oxycodone.
III. Conspiracy to Deliver Methamphetamine
A person commits conspiracy if, with the purpose of promoting or facilitating the commission of any offense, he or she agrees with another person that (1) one or more of them will engage in conduct that constitutes the offense, or (2) the person will aid in the planning or commission of the offense, and the other person commits any overt act in pursuit of the conspiracy. Ark. Code Ann. § 5-3-401. The State may prove conspiracy with circumstantial evidence and inferences drawn from the conspirators' conduct. Henry v. State , 309 Ark. 1, 828 S.W.2d 346 (1992).
Vonholt argues that substantial evidence does not support a finding that he engaged in a conspiracy because there was no indication that (1) he took drugs to Jones's home, (2) he intended to provide drugs to Jones, or (3) he intended to enter into any agreement with Jones. He further argues that, while he and Jones exchanged money, there was no indication that the exchange was for drugs. However, the State presented evidence that Jones referred to Vonholt as his "source," meaning that the jury could infer Vonholt brought drugs to Jones before this incident and likely intended to bring him drugs again. The evidence also showed that drugs and a digital scale were found in Vonholt's truck. The jury could infer that this evidence showed Vonholt intended to weigh the methamphetamine before giving it to Jones, and this reflects an agreement to deliver methamphetamine. The money found on Vonholt was the money that had been given to Jones during the controlled buy, so the jury could find beyond mere conjecture that this money had been given to Vonholt to advance their plan to deliver methamphetamine.
Substantial evidence supports a finding that an agreement existed between Vonholt and Jones. The jury could infer from Vonholt's possession of a large amount of methamphetamine in his truck, possession of the money the C.I. had previously given to Jones, Jones's reference to Vonholt as his "source," and possession of digital scales with the methamphetamine that Vonholt intended to agree with Jones to deliver methamphetamine. This evidence supports a reasonable finding that Jones and Vonholt were working together to deliver *316 methamphetamine. Therefore, the circuit court did not err in denying Vonholt's motion for directed verdict on the conspiracy charge.
Affirmed.
Vaught and Hixson, JJ., agree.

Vonholt was also charged and convicted of possession of drug paraphernalia. He was sentenced to 30 years' imprisonment for this conviction, but he does not address this conviction in his appeal.

Vonholt was not convicted of simple possession on any of these charges. However, possession is an element of each charge, and possession is the only issue that Vonholt challenges on appeal.