LARRY D. VAUGHT, Judge
Philip Frederic appeals the sentencing order entered by the Faulkner County Circuit Court convicting him of conspiracy to commit rape and sentencing him to thirty years' imprisonment. Frederic argues there is insufficient evidence to support his conviction. We affirm.
This case began on the evening of February 14, 2016, when Chad Meli of the Faulkner County Sheriff's Office, who is trained to investigate cybercrimes against children, used an undercover Kik account[1] *496 to answer an advertisement on Craigslist entitled "Seeking dads and daughters" that was posted on February 9, 2016. The ad read:
Seeking to talk with a dad who has a daughter interested in mature gentlemen. We could begin by sharing our interests and getting to know a little about each other and your daughter and what her interests are ... in men. Nothing too taboo to share, no judgements[sic], you can kik me at cfcardinal. I'm a father with a daughter also....
Officer Meli's online profile was that of a single forty-two-year-old father named "T.J." who had a thirteen-year-old daughter named "Kaci." Frederic responded to "T.J." by asking if "Kaci" was sexy and by saying that he (Frederic) had a "hot" fifteen-year-old daughter whom he used to "f* *k." Frederic sent a picture of himself and several pictures of a young girl (who was later identified as Frederic's fifteen-year-old daughter) to "T.J." Then "T.J." sent pictures of "Kaci" (an adult female) to Frederic. "T.J." told Frederic that "Kaci" played with[2] him because he bought her "s* *t." The conversation between Frederic and "T.J." continued and contained sexually graphic language, including Frederic's repeating multiple times that he would like to "f* *k" "T.J.'s" "sweet little thirteen-year-old" daughter. "T.J." said that he was willing to make "Kaci" available for Frederic's sexual gratification. Frederic asked, "What would I have to buy her?"
The next day, Frederic and "T.J." chatted again, and during this conversation, Frederic made arrangements to meet "T.J." and "Kaci" around 4:30 p.m. at an Exxon station in Mayflower, Arkansas. Frederic gave "T.J." his phone number, said his name was "Phil" and that he drove a dark blue Chevrolet Ventura van. Frederic again asked "T.J." what he should buy "Kaci." "T.J." responded that she liked Michelob Ultra beer and glitter nail polish. "T.J." also said that pink and purple were "Kaci's" favorite colors.
Upon meeting Officer Meli at the Exxon station as planned, Frederic was arrested. In his van, officers found twelve Michelob Ultra beers, pink and purple glitter nail polish, and a hunting knife.[3] Officer Meli testified that Frederic was arrested and charged with conspiracy to commit rape based on Officer Meli's online conversations with Frederic, along with the facts that Frederic showed up at the planned meeting location and brought with him the beer and nail polish.
Frederic also testified. He admitted that he was familiar with the Craigslist ad to which "T.J." had responded; that he had seen it; that the address on the ad was his; and that he had posted a similar ad on Craigslist on February 9, 2016, after chatting with someone else online named "Texas Stepdad"; but he denied posting the advertisement. He also admitted that he (1) engaged in the sexually explicit conversations with "T.J."; (2) sent pictures of himself and his daughter to "T.J."; (3) arranged a meeting with "T.J." and "Kaci," who he thought was thirteen years old; (4) showed up at the meeting location as planned; and (5) brought the gifts for "Kaci" that "T.J." had suggested. Frederic testified that he did all these things for research. He described in great length his academic interest in human sexuality and that he wanted to learn whether he could develop an online-research technique in this area. He stated that his plan was to *497 introduce himself online as a member of whatever demographic he was studying-homosexual, pedophile, transgender, transsexual-and immerse himself into the dialogue of that demographic so that he could have "an honest conversation" about people's different sexual choices. He said that he had no intention of meeting with any of the people he conversed with and had not met with any of them until he arranged the meeting with "T.J." and "Kaci." He testified that his true intent in meeting with "T.J." was to have a conversation, get a pizza, and drink some beers. Nevertheless, during his testimony, Frederic conceded the wrongfulness of his conduct, stating, "It was an active indiscretion" and "I should not have been in that conversation."
The jury convicted Frederic of conspiracy to commit rape and sentenced him to thirty years in prison. This appeal followed. Frederic's sole point on appeal is that the circuit court erred in denying his timely motions for directed verdict challenging the sufficiency of the evidence.
We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. Moore v. State , 372 Ark. 579, 580, 279 S.W.3d 69, 71 (2008). Our supreme court has repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. Id. , 279 S.W.3d at 71. We affirm a conviction if substantial evidence exists to support it. Id. , 279 S.W.3d at 71. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id. at 580-81, 279 S.W.3d at 71. Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. Id. , 279 S.W.3d at 71. Whether the evidence excludes every other hypothesis is left to the jury to decide. Id. , 279 S.W.3d at 71-72. The credibility of witnesses is an issue for the jury and not the court. Id. , 279 S.W.3d at 72. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Id. , 279 S.W.3d at 72.
A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2017). "Deviate sexual activity" means any act of sexual gratification involving the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1)(B).
A conspiracy is an inchoate offense, and under Arkansas law it is a crime in and of itself. Savannah v. State , 7 Ark. App. 161, 163, 645 S.W.2d 694, 695 (1983). A person conspires to commit an offense if, with the purpose of promoting or facilitating the commission of any criminal offense (1) the person agrees with another person or other persons that one or more of the persons will engage in conduct that constitutes that offense or the person will aid in the planning or commission of that criminal offense, and (2) the person or another person with whom the person conspires does any overt act in pursuance of the conspiracy. Ark. Code Ann. § 5-3-401(1), (2) (Repl. 2013).
The State is required to prove that there was an agreement by the parties to commit a crime and that one of the conspirators did at least a minimal act in furtherance of that agreement.
*498 Winkler v. State , 2012 Ark. App. 704, at 6, 425 S.W.3d 808, 811. It is settled doctrine that the crime of conspiracy is complete on the agreement to violate the law as implemented by one or more overt acts, however innocent such act standing alone may be, and it is not dependent on the success or failure of the planned scheme. Id. at 6-7, 425 S.W.3d at 811 (citing United States v. Joiner , 418 F.3d 863 (8th Cir. 2005) ). A conspiracy may be proved by circumstances and the inferences to be drawn from the course of conduct of the alleged conspirators. Id. at 6, 425 S.W.3d at 811.
We hold that substantial evidence supports Frederic's conviction for conspiracy to commit rape because there was evidence that Frederic made a plan with "T.J." to rape "Kaci," and Frederic took overt steps in furtherance of the plan. The text exchanges between Frederic and "T.J." reveal the plan. The sexually graphic language used by Frederic leaves no doubt that he wanted to have sex with "T.J.'s" thirteen-year-old daughter, and the text exchanges show that Frederic and "T.J." agreed on a plan to commit that crime. Also, the State's evidence of overt acts is substantial. Frederic traveled to Mayflower, showed up at the meeting place at the appointed time in the vehicle he said he would be driving, and had two gifts in his vehicle that "T.J." said "Kaci" would like and would encourage her to "play."
Frederic makes several arguments in favor of his position that the evidence is insufficient. One argument is that there is no direct proof that he posted the Craigslist advertisement; and for support, he cites his testimony denying that he posted the ad. It was up to the jury to determine whether it believed Frederic when he testified that he did not post the ad. The jury is not required to believe a defendant's self-serving testimony. Brown v. State , 374 Ark. 341, 344, 288 S.W.3d 226, 230 (2008).
Also, there is substantial evidence that Frederic posted the ad. He admitted during his postarrest interview that he posted the February 9, 2016 Craigslist ad "Seeking dads and daughters." At trial, he admitted that he was familiar with the ad and that the Kik address on the ad was his. Further, he admitted talking to "Texas Stepdad" on February 9, 2016, and that the transcript from that exchange revealed that Frederic was seeking to have sex with underage girls and that he questioned "Texas Stepdad" about how to find these girls. "Texas Stepdad" recommended that Frederic post an ad on Craigslist, and Frederic told "Texas Stepdad" that he had posted the ad. Finally, whether Frederic posted the ad is of no significance in this case. Assuming arguendo that Frederic did not post the ad, he admitted planning with "T.J." to rape thirteen-year-old "Kaci," and he made overt acts in furtherance of that plan, which constitutes substantial evidence to support his conviction for conspiracy to commit rape.
A second argument made by Frederic is that "he did not initiate any internet conversation with [Officer] Meli." This argument is another red herring. It is not relevant who initiated the internet conversations. What is relevant is the content of the conversations. It was Frederic who first brought up the topic of rape when he, referring to "Kaci," said (in extremely graphic sexual language) that he would like to have sex with the teen. It was Frederic who first brought up the idea of meeting with "T.J." and "Kaci." And it was Frederic who asked what gifts he should bring "Kaci." This is substantial evidence that Frederic was an active participant in making a plan to rape "Kaci."
Frederic's third argument is that the State's evidence was insufficient because *499 the Craigslist ad "Seeking dads and daughters" did not specify an age of the daughters sought and because no pornography or condoms were found in his van. These arguments are also red herrings and have no merit. Frederic admitted having the conversation with "T.J." wherein "T.J." said that "Kaci" was thirteen. Also, the two gifts found in Frederic's vehicle at the prearranged meeting point constituted substantial evidence of an overt act. Two more items are not required.
Finally, Frederic argues at length that the evidence convicting him was insufficient based on his testimony that his sole purpose in chatting with "T.J." was research; that he used such explicit language because his research required it; and that when he went to the Exxon station, his intent was to share fantasies and eat pizza with "T.J." Again, the jury was not required to believe Frederic's research story, Brown , 374 Ark. at 344, 288 S.W.3d at 230 -a story he failed to mention during his postarrest interview.
For all these reasons, we hold that Frederic's conspiracy-to-commit-rape conviction is supported by substantial evidence and affirm.
Affirmed.
Glover and Hixson, JJ., agree.

A Kik account is an instant-messaging application.

Officer Meli testified that in this context, playing with someone is synonymous with having sexual contact with someone.

Officer Meli testified that he did not believe the knife was related to Frederic's meeting with "T.J." and "Kaci."