Cite as 2019 Ark. App. 515

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-111

| | |
|---|---|
| | **Opinion Delivered** November 6, 2019 |
| CHRIS MICHAEL BAKER | |
| APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-17-651] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBERT |
| APPELLEE | EDWARDS, JUDGE |
| | |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Chris Michael Baker was convicted by a jury of criminal conspiracy to deliver methamphetamine and possession of methamphetamine with purpose to deliver. Baker appeals, challenging the sufficiency of the evidence to support each conviction. We affirm.

The standard of review is well settled. Baker moved for directed verdict on each charge, and those motions were denied. A motion for a directed verdict at a jury trial is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1 (2019). In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Martin v. State*, 2019 Ark. App. 19, 567 S.W.3d 558. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered.

*Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Frederic v. State*, 2018 Ark. App. 449, 560 S.W.3d 494. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

The charges related to two separate drug buys in Beebe using a confidential informant, Shannon Anderson. The police wired Anderson so that both drug transactions could be recorded; those recordings were presented at trial to the jury.

The conspiracy charge arose from the first meeting on July 31, 2017. In a telephone call, Anderson arranged to meet Josh Allen, Baker's codefendant, at a Walmart in Beebe. Police maintained surveillance at a distance, and Anderson was given $340 cash to use in the transaction.

Baker drove a GMC Yukon to Walmart, and Allen was in the passenger seat. Allen had told Anderson on the phone that he was bringing someone with him. Anderson and Allen talked to each other outside the store while Baker went into the store. Subsequently, all three got into the Yukon with Anderson entering the back seat. Baker talked about the weight of the drugs and about the police driving by. Baker reached into an air-conditioning vent above the dashboard's radio, but he had trouble getting the drugs (which were hidden in a sock) out of the vent. Allen helped Baker by using a hanger to pull the sock out of the vent. Baker then took a plastic bag that contained methamphetamine out of the sock and

2

handed it to Allen. Allen completed the sale of the meth to Anderson, who subsequently exited the vehicle and gave it to the police.

At the close of the State's evidence, Baker moved for directed verdict, arguing that there was insufficient evidence to show that he conspired with Allen to deliver methamphetamine in the first meeting due to the lack of proof of an agreement between them or Baker's active assistance. The circuit court denied the motion, the jury found him guilty, and this appeal followed. Baker argues on appeal that the State failed to prove a "conspiracy" because the evidence showed this drug deal to be solely between Anderson and Allen and that Baker was merely present. We disagree.

A person commits conspiracy if, with the purpose of promoting or facilitating the commission of any offense, (1) he or she agrees with another person that (a) one or more of them will engage in conduct that constitutes the offense or (b) the person will aid in the planning or commission of the offense, and (2) the other person commits any overt act in pursuit of the conspiracy. Ark. Code Ann. § 5-3-401 (Repl. 2013). The State may prove conspiracy with circumstantial evidence and inferences drawn from the conspirators' conduct. *Henry v. State*, 309 Ark. 1, 828 S.W.2d 346 (1992); *Vonholt v. State*, 2018 Ark. App. 53, 540 S.W.3d 312.

We view the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. Baker drove Allen to Walmart for the drug transaction, Baker talked to Anderson about the weight of the drugs and about the police driving by, and Baker was the person who reached into the vehicle's air vent to pull out the hidden drugs, even though Baker ultimately handed the drugs to Allen to complete the sale. The

jury could reasonably conclude on this evidence that Baker and Allen were working together to deliver methamphetamine and that Baker assisted in that effort. The circumstances of this drug transaction were sufficient for the jury to reasonably conclude that Baker was not merely present and uninvolved. Therefore, the circuit court did not err in denying Baker's motion for directed verdict on the conspiracy charge.

The possession charge related to a second meeting, on August 7, 2017. Anderson and Allen agreed to meet at a church parking lot in Beebe for another methamphetamine purchase. Anderson knew that Baker would be with Allen. Anderson was again equipped with a recording device, he was given $1,240, and police maintained surveillance. Anderson waited on the sidewalk of the parking lot. Baker drove into the lot in a pickup truck, and Allen was in the front passenger seat. Anderson entered the back seat. Baker then drove to a nearby gas station; Anderson explained that Baker and Allen were "spooked because of the law." On the way, Baker told Allen where the drugs were, reaching up to hit the pickup cabin's headliner. Anderson paid Allen for the drugs. Allen reached up to the headliner and pulled out a McDonald's pie box that contained approximately fifty-five grams of methamphetamine. The police arrested the men before the transaction was completed.

At the close of the State's evidence, Baker moved for directed verdict, arguing that there was insufficient evidence to show that he constructively possessed the methamphetamine in the second meeting. The circuit court denied the motion, and the jury found him guilty. On appeal, Baker challenges the State's proof that he constructively possessed the methamphetamine in the truck, noting that there was no evidence that Baker ever actually possessed the methamphetamine that day. The State sought to connect Baker

to the methamphetamine with the linking factors required in joint–occupancy cases, and we hold that there is sufficient evidence of Baker's constructive possession.

It is not necessary for the State to prove literal physical possession of drugs in order to prove possession. *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994). Possession of drugs can be proved by constructive possession. *Baltimore v. State*, 2017 Ark. App. 622, 535 S.W.3d 286. Constructive possession requires the State to prove beyond a reasonable doubt that (1) the defendant exercised care, control, and management over the contraband and (2) the accused knew the matter possessed was contraband. *Id.* Constructive possession can be inferred when the drugs are in the joint control of the accused and another. *Id.* However, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some other factor linking the accused to the drugs. *Id.* Other factors to be considered in cases involving automobiles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile or exercises dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.* There is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband. *Id.*

Baker argues that although he was the driver of the truck that had drugs in it, the drugs were not in plain view, it is vague at best to say Baker was in close proximity to the drugs, the drugs were not in his personal effects, and he did not act suspiciously before or

5

during arrest. The State counters that the following factors demonstrate Baker was in constructive possession of the methamphetamine: (1) Baker was in control of and drove the truck that contained the drugs; (2) Baker drove from the church to the nearby gas station because he and Allen were "spooked" by police being in the area, which is suspicious activity; (3) Anderson confirmed that Baker knew where the drugs were because Baker hit the portion of the truck to show Allen where the drugs were hidden; and (4) Baker was in proximity to the drugs because he was able to hit the location of the drugs. This is sufficient evidence from which the jury could find that Baker was in constructive possession of the methamphetamine in the truck. *See McCastle v. State*, 2012 Ark. App. 162, 392 S.W.3d 369.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

6