Cite as 2020 Ark. App. 129

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-842

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 19, 2020 |
| PHILIP FREDERIC | | |
| | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| | APPELLANT | [NO. 23CR-16-133] |
| V. | | |
| | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | | AFFIRMED |
| | APPELLEE | |

## LARRY D. VAUGHT, Judge

Philip Frederic appeals the Faulkner County Circuit Court's denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. We affirm.

A Faulkner County Circuit Court jury convicted Frederic of conspiracy to commit rape and sentenced him to thirty years' imprisonment. We affirmed his conviction on direct appeal in *Frederic v. State*, 2018 Ark. App. 449, 560 S.W.3d 494.

The evidence at trial revealed that on February 14, 2016, Chad Meli of the Faulkner County Sheriff's Office used an undercover social-media account to answer an advertisement on Craigslist entitled "Seeking dads and daughters." Officer Meli presented himself as a single forty-two-year-old father named "T.J." who had a thirteen-year-old daughter named "Kaci." Frederic responded to T.J. by asking if Kaci was sexy and by saying that he (Frederic) had a "hot" fifteen-year-old daughter whom he used to "f**k." Frederic sent a picture of himself

and several pictures of a young girl (who was later identified as Frederic's fifteen-year-old daughter) to T.J. Then T.J. sent pictures of Kaci (an adult female) to Frederic. The conversation between Frederic and T.J. continued and contained sexually graphic language, including Frederic's repeating multiple times that he would like to have sex with T.J.'s "sweet little thirteen-year-old" daughter. The next day, they arranged for Frederic to meet T.J. and Kaci around 4:30 p.m. at an Exxon station in Mayflower, Arkansas. Frederic asked T.J. what he should buy Kaci, and Officer Meli responded that she liked Michelob Ultra beer and glitter nail polish. Officer Meli also said that pink and purple were Kaci's favorite colors. Upon arriving at the Exxon station as planned, Frederic was arrested. In his van, officers found twelve Michelob Ultra beers and pink and purple glitter nail polish.

Frederic also testified at the trial. He admitted that he was familiar with the Craigslist ad to which T.J. had responded; that he had seen it; that the address on the ad was his; and that he had posted a similar ad on Craigslist on February 9, 2016, after chatting with someone else online named "Texas Stepdad"; but he denied posting the advertisement. He also admitted that he (1) engaged in the sexually explicit conversations with T.J.; (2) sent pictures of himself and his daughter to T.J.; (3) arranged a meeting with T.J. and Kaci, who he thought was thirteen years old; (4) showed up at the meeting location as planned; and (5) brought the gifts for Kaci that T.J. had suggested. Frederic testified that he did all these things for research regarding his academic interest in human sexuality. He testified that he wanted to develop an online-research technique in this area. He testified that his true intent in meeting with T.J. was to have a conversation, get a pizza, and drink some beers. Nevertheless, during his testimony, Frederic conceded the wrongfulness of his conduct, stating, "It was an active indiscretion"

and "I should not have been in that conversation." The jury convicted him of conspiracy to commit rape.

The current appeal arises from Frederic's petition for relief pursuant to Rule 37, in which he alleges ineffective assistance of counsel. The circuit court held an evidentiary hearing, at which Frederic's trial counsel testified that he had put forward the defense suggested by Frederic; specifically, that he had initiated sexually explicit conversations with people online as "research" and that he never had any intent to follow through with the sexual acts discussed online. Frederic argues that counsel was ineffective in failing to present evidence that Frederic did not post the Craigslist ad, but his trial counsel testified that disputing whether Frederic had posted the Craigslist advertisement through which he and the undercover officer made contact would have been counter to his "innocent intent" defense. Counsel also noted that trying to argue that Frederic had been "set up" and had not posted the advertisement would have been undercut by Frederic's own statement to Officer Meli, in which Frederic admitted posting the advertisement. The statement was introduced at trial.

Frederic testified at the Rule 37 hearing that he had communicated online with people about soliciting sexual encounters with young children but that he did not post the advertisement in question. The court took the matter under advisement.

During the pendency of his Rule 37 petition, Frederic also filed a "Motion for Writ of Habeas Corpus Issuance Upon Evidence Only." The court denied the Rule 37 petition but did not rule on the habeas motion. Frederic appealed, and his notice of appeal specifically states that he is appealing only the court's denial of his petition for Rule 37 relief.

3

"On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying post-conviction relief unless it is clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wood v. State*, 2015 Ark. 477, at 2–3, 478 S.W.3d 194, 197. For claims of ineffective assistance of counsel, we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Watson v. State*, 2014 Ark. 203, at 3, 444 S.W.3d 835, 838–39. In asserting ineffective assistance of counsel under *Strickland*, the petitioner first must demonstrate that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a demonstration that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* This requires the petitioner to show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors.

*Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

In making a determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Springs v. State*, 2012 Ark. 87, at 3, 387 S.W.3d 143, 147. Unless a petitioner makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Sales v. State*, 2014 Ark. 384, at 6, 441 S.W.3d 883, 887. We also recognize that there is no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. *Id.*

In his pro se appellant's brief, Frederic raises seven "grounds for reversal" of the circuit court's denial of his Rule 37 petition, but he then also raises four separate "points on appeal." After reviewing all of Frederic's arguments, his challenges to the circuit court can be summarized as follows:

Frederic first argues that the circuit court erred in denying Rule 37 relief because he claims there was sufficient evidence of ineffective assistance of counsel to warrant relief. He argues that his counsel was ineffective in failing to admit his Craigslist account history, which he claims would have demonstrated that he had innocently sought sexually explicit conversations with other people in the past but had not placed the advertisement at issue in this case. He also argues that his counsel was ineffective in failing to object to the admission of a document depicting a screenshot of the Craigslist advertisement.

This argument has no merit. Under the two-prong *Strickland* standard outlined above, Frederic failed to demonstrate that his trial counsel's performance was deficient or that his

5

counsel's performance prejudiced him. His trial counsel's actions were well reasoned considering Frederic's chosen defense that his behavior had been motivated by a desire to do research on human sexuality. Moreover, given Frederic's own admission to Officer Meli that he posted the advertisement, Frederic cannot demonstrate prejudice from his counsel's failure to refute that fact. Therefore, we cannot say that the court's denial of Frederic's Rule 37 petition was clearly erroneous, and we affirm.

Frederic next argues that the circuit court failed to consider the "totality of the circumstances." This argument is not well developed in his pro se brief but appears to be an attack on the sufficiency of the evidence supporting his underlying conviction for conspiracy to commit rape, and such an argument is not cognizable under Rule 37. *See Williams v. State*, 2019 Ark. 129, at 8, 571 S.W.3d 921, 927. Moreover, we have already determined on direct appeal that sufficient evidence supports the conviction. *Frederic*, 2018 Ark. App. 449, at 6, 560 S.W.3d at 498. We affirm on this point as well.

Third, Frederic appears to argue that his attorney "concealed" evidence regarding the Craigslist advertisement, but this argument is also not developed, and the substance of his argument is the same as the ineffective-assistance claim discussed above. He has provided no evidence or even substantive allegations that his counsel concealed any of his Craigslist activity; he simply argues that his counsel should have introduced more evidence at trial regarding that topic. Although counsel testified at the Rule 37 hearing, he was not questioned about this alleged concealment of evidence. Frederic's "concealment" claim therefore fails because conclusory allegations unsupported by facts and that provide no showing of prejudice are insufficient to warrant Rule 37 relief.

Finally, Frederic attempts to argue that the court erroneously denied him relief on his habeas corpus motion. This issue is not preserved for our review as our record does not demonstrate that the circuit court ruled on Frederic's habeas motion. In numerous cases, we have held that the failure to obtain a ruling on an issue when the circuit court denies a petition for postconviction relief precludes our appellate review of that issue. *Matthews v. State*, 333 Ark. 701, 705, 975 S.W.2d 836, 837 (1998) (citing *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996)). Moreover, Frederic did not include the habeas issue in his notice of appeal from the court's denial of his petition for Rule 37 relief. We therefore cannot reach the merits of Frederic's arguments regarding his habeas motion.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Philip P. Frederic*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.