Cite as 2023 Ark. App. 28

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-22-359

| | |
|---|---|
| TONEY DEMETRIUS KINNARD<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 1, 2023<br><br>APPEAL FROM THE BRADLEY COUNTY CIRCUIT COURT<br>[NO. 06CR-19-34]<br><br>HONORABLE CREWS PURYEAR, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

A Bradley County jury convicted Toney Demetrius Kinnard of possession of a controlled substance, methamphetamine. Kinnard appeals his conviction and argues that the circuit court erred by denying his directed-verdict motion. We affirm.

At trial, Kenneth Chase Shelton, a patrolman for the Warren Police Department, testified that on June 6, 2019, he detained Kinnard for a malfunctioning headlight. He stated that after he had initiated the traffic stop by activating his blue lights, Kinnard continued driving for about a mile with the driver's-side door ajar. He explained that after Kinnard stopped, Kinnard exited the car and admitted that he did not have a driver's license. Shelton described Kinnard as nervous.

Shelton further testified that Officer Meeks and Sergeant Sharp assisted with the stop and that they searched the vehicle. He stated that Officer Meeks found crystals on the

vehicle's floorboard and on the door threshold as well as on the ground beside the car. Shelton noted that he did not see the crystals in his initial search of the car.

Ashley Focke, a forensic chemist with the Arkansas State Crime Laboratory, testified that she examined the crystals found in Kinnard's vehicle and that the substance was 0.3748 grams of methamphetamine.

At the conclusion of the State's case, Kinnard moved for a directed verdict and argued that the State failed to prove he intentionally possessed the methamphetamine. The court denied the motion.

Kinnard testified on his own behalf. He stated that he purchased the vehicle from a former coworker about a month before the traffic stop, but he could not remember the coworker's name. He also stated that he had allowed other people to drive the car because he had a suspended license. He testified that he did not know that the methamphetamine was in the vehicle.

The jury found Kinnard guilty of possession of controlled substance, methamphetamine. He was sentenced to eight years in the Arkansas Department of Correction. Kinnard appeals the denial of his directed-verdict motion.

A motion for directed verdict at a jury trial is a challenge to the sufficiency of the evidence. *Baker v. State*, 2019 Ark. App. 515, 588 S.W.3d 844. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, which is evidence that is forceful enough to compel a conclusion one way or the other beyond speculation or conjecture. *Id.* The evidence is viewed in the light

2

most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* Circumstantial evidence may provide a basis to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* Whether evidence excludes every other hypothesis is left to the jury to decide. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

On appeal, Kinnard argues that the evidence is insufficient to show that he exercised care, control, and management over the methamphetamine found in the car. He points out that his testimony shows that he purchased the car only a month before the traffic stop and during that month, other people had been in the car. He additionally points out that Officer Shelton did not see the methamphetamine in his initial search of the vehicle.

Arkansas Code Annotated section 5-64-419(b) (Supp. 2021) makes it illegal for a person to possess methamphetamine. When possession of contraband is an element of the offense, the State is not required to prove literal physical possession—constructive possession is sufficient. *Braswell v. State*, 2022 Ark. App. 102. Constructive possession can be implied when the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* To prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *Id.* The defendant's control over, and knowledge of, the contraband can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is

3

in plain view, the ownership of the property where the contraband is found, and the accused's suspicious behavior. *Id.*

In this case, we hold that the State presented sufficient evidence that Kinnard exercised care, control, and management over the contraband. Officer Shelton testified that Kinnard drove the vehicle with the driver's-side door open for nearly a mile after he initiated the stop. The officers located the methamphetamine on the driver's-side floorboard and door threshold as well as on the ground beside the car. Kinnard owned the vehicle and was the only person inside at the time of the stop. Moreover, Kinnard appeared nervous. The jury was not required to believe Kinnard's self-serving testimony that he did not know that the methamphetamine was in the vehicle. We thus hold that substantial evidence supports the verdict, and we affirm Kinnard's conviction.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.

4