RITA W. GRUBER, Chief Judge
Appellant Royal Martin was convicted by a Grant County Circuit Court jury of possession of methamphetamine, a Class C felony, and two counts of possession of drug paraphernalia, a Class B felony. Appellant was sentenced as a habitual offender to 360 months' imprisonment for possession of methamphetamine and 480 months' imprisonment for each count of possession of drug paraphernalia, with the sentences to run consecutively. On appeal, appellant contends that the evidence is insufficient to support the convictions. We affirm.
Deputy Tim Preator testified that he was working for the Grant County Sheriff's Office on May 7, 2017, when he conducted a traffic stop of a vehicle in which *560 appellant was a passenger. During his initial contact with the vehicle, Deputy Preator smelled a strong odor of suspected marijuana coming from the vehicle and informed the occupants that because of the smell there was probable cause to search the vehicle. The driver advised he did not have a license because it had been suspended. Deputy Preator testified that he asked the driver to step out and conducted a search of the driver, on whom nothing illegal was found. Deputy Preator then went to the front passenger side where appellant was seated. When appellant exited the vehicle, he told Deputy Preator he "probably had a little bit of marijuana on him." During the search of his person, Deputy Preator found two baggies in his right front pocket, one contained a large crystal-like rock and the other three or four green pills. Deputy Preator found nothing on the third occupant in the back seat.
The search of the vehicle revealed another baggie of pills like those found on appellant, some suspected marijuana, and a baggie of suspected marijuana in a white pill bottle. Deputy Preator testified that appellant "advised me that the narcotics were his and that the people in the vehicle had nothing to do with it." According to Deputy Preator, appellant claimed ownership of everything.
Agent Matt Smith with the Group Six Narcotics Task Force testified that he met Deputy Preator at the jail after learning of the drug arrest. Agent Smith took possession of the recovered items and stored them in the Grant County Sheriff Department's evidence locker before he took them to the crime lab. The items were brought to court and introduced into evidence. His testimony was introduced to establish the chain of custody. He stated that the envelope of evidence contained a small baggie of green vegetable material and a hand-rolled marijuana cigarette, multicolored pills, a piece of cut straw, the crystal substance believed to be methamphetamine, and the pill bottle with the pills inside and what looked to be a little marijuana. On cross-examination, Agent Smith stated there was only one pill bottle, dark or black, with a faded-out label that was a "greenish-blue color."
Christi Williford, a forensic chemist at the Arkansas State Crime Laboratory, testified that the crystal substance was methamphetamine, which weighed 4.3995 grams. In addition, she added that one of the green pills tested consisted of 0.2128 grams of methamphetamine and caffeine.
Based on this evidence, the jury found appellant guilty of possession of methamphetamine under Ark. Code Ann. § 5-64-419 and both charges of possession of drug paraphernalia under Ark. Code Ann. § 5-64-443(b). On appeal, appellant contends that the circuit court erred in denying his directed-verdict motions because there was insufficient evidence that he (1) knowingly or purposely possessed methamphetamine and (2) had direct physical control or constructive possession of the paraphernalia.
A motion for a directed verdict at a jury trial is a challenge to the sufficiency of the evidence. See Ark. R. Crim. P. 33.1 (2018). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. Foster v. State , 2015 Ark. App. 412, at 4, 467 S.W.3d 176, 179. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Id. , 467 S.W.3d at 179. We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Id. , 467 S.W.3d at 179.
*561 We first address the sufficiency of the evidence to support the possession-of-methamphetamine conviction. It is unlawful for a person to possess a controlled substance. See Ark. Code Ann. § 5-64-419(a) (Repl. 2016). Possession of more than two grams but less than ten grams of a Schedule I or Schedule II controlled substance that is methamphetamine or cocaine is a Class C felony. Ark. Code Ann. § 5-64-419(b)(1)(B).
Appellant argues that the State failed to present sufficient evidence that he knowingly or purposely possessed methamphetamine either directly or by constructive possession. Appellant acknowledges that he told Deputy Preator that he "probably had a little bit of marijuana on him" but contends he did not mention anything other than possibly having marijuana. Appellant contends that the State failed to prove that he knew he had a baggie of methamphetamine in his pocket or that he had purposely placed the bag in his pocket. Further, appellant suggests that the State failed to present substantial evidence that he owned or exercised control over the vehicle, that he had any knowledge of the presence of alleged methamphetamine in the vehicle, and that he purposely possessed the alleged methamphetamine.
The State responds that it presented substantial proof that the appellant knowingly and actually possessed methamphetamine because it was found in his pocket and he admitted it was his. The State also contends that, despite his arguments that there was no proof he knew he had a baggie of methamphetamine in his pocket or that he put it there, the jury did not have to speculate in order to find that he knew what was in his pocket, especially in light of his admission that the drugs belonged to him. Additionally, the State argues that appellant did not raise the issue of constructive possession in his directed-verdict motion and that, regardless, the proof was that he actually possessed the methamphetamine.
Possession may be established by proof of actual possession or constructive possession. Thomas v. State , 2014 Ark. App. 721, at 3, 2014 WL 7189737 (holding that methamphetamine and drug paraphernalia found in the pocket of a hoodie worn by appellant at time of arrest sufficient proof of actual possession). Here, the evidence established that appellant actually possessed methamphetamine. Deputy Preator testified that appellant had a baggie containing a crystal-like rock substance in his pants pocket when he was searched, the testing of which revealed the substance to be 4.3995 grams of methamphetamine. Viewing the evidence in the light most favorable to the State and considering only the evidence that supports the verdict, this testimony is sufficient proof of actual possession.
For his second point on appeal, appellant challenges the sufficiency of the evidence to support both convictions for possession of drug paraphernalia. Arkansas Code Annotated section 5-64-443(b) (Repl. 2016) provides:
A person who uses or possesses with the purpose to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, or repack a controlled substance that is methamphetamine or cocaine upon conviction is guilty of a Class B felony.
In his motion for directed verdict and renewed motion as to the two counts of possession of paraphernalia, appellant's counsel stated, "To sustain this charge the State must prove that Royal Martin either used or possessed with the purpose to use drug paraphernalia and I'll pare it down to either pack, store, contain, or conceal *562 methamphetamine and that he did so purposely."
Appellant contends that the State failed to meet its burden of proof that appellant had direct physical control over any alleged drug paraphernalia or that he even had constructive possession of any drug paraphernalia. The State responds that appellant's sufficiency argument is not preserved because his directed-verdict motion merely recited the elements of the offense and failed to specify which elements were lacking proof.
To preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. Malone v. State , 2012 Ark. App. 280, at 3, 2012 WL 1415919. Here, appellant's motions for directed verdict merely recited the elements of the offense. He did not point to the specific elements that he now claims the State failed to prove. Because appellant's motion on the paraphernalia charges did not inform the circuit court of the specific issues in the State's case that are now being challenged, the question of the sufficiency of evidence to support his convictions is not preserved for appeal. Lee v. State , 2013 Ark. App. 209, at 3-4, 2013 WL 1228756.
Even if the issue had been preserved, the evidence was sufficient to support the convictions. Deputy Preator testified that appellant claimed that everything found in the vehicle belonged to him. Deputy Preator stated that appellant advised him that "all of it was his and that the passengers did not have anything to do with the narcotics in the vehicle."
Affirmed.
Hixson and Brown, JJ., agree.