Cite as 2019 Ark. App. 355

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR–18–951

| | | |
|---|---|---|
| ANTHONY BENS | | **Opinion Delivered:** September 4, 2019 |
| | APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-18-7] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | REBRIEFING ORDERED |

## BART F. VIRDEN, Judge

A Grant County jury found appellant Anthony Bens guilty of possession of a firearm by certain persons for which he was sentenced as a habitual offender to seven years' imprisonment.[1] Bens argues that the evidence was insufficient to support his conviction. Because of briefing deficiencies, we are unable to reach the merits of his argument and instead order rebriefing.

### I. *Abstracting Issues*

The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Ark. Sup. Ct. R. 4-2(a)(5). Information in a transcript is material if it is essential for the appellate court to confirm its jurisdiction, to

---

[1]Bens was also convicted of tampering with evidence, which had been reduced to a misdemeanor offense, for which the trial court imposed a $300 fine. Bens does not challenge the sufficiency of the evidence supporting this conviction.

understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(5). The abstract shall be an impartial condensation, without comment or emphasis, of the transcript. Ark. Sup. Ct. R. 4–2(a)(5)(B).

A DVD of Bens's encounter with law enforcement officers was played for the jury. The audio portion of the DVD was transcribed by the court reporter. Instead of abstracting the transcript, appellate counsel summarized the video in a third-person narrative that is, at times, misleading. For example, appellate counsel's summary provides that

> Mr. Bens told another officer that he has no business looking in his car. The officer explained that it's in plain sight and that Mr. Bens doesn't need to go back to the car, and ordered Mr. Bens to put his hands behind his back and that there was a gun in the "damn car" too (R. 197). Mr. Bens explained that the gun is his wife's gun and that he wasn't going for the gun when the officers' [sic] pulled up (R. 197).

Appellate counsel's summary was taken from the following exchange in the record between two unidentified officers and Bens:

DEFENDANT:      Man [inaudible] you ain't got no business looking in my car.

OFFICER:        Yeah, it's in plain sight.

OFFICER:        Plain view sight. Don't go in that car. Do not go in that car. No. Out of it now. Put your hands behind your back. Put your hands behind your back right now. There's a gun in the damn car too—

OFFICER:        Yeah, that's why I've—

DEFENDANT:      Hey, that's my wife's. I'm going [inaudible] for lunch, man.

OFFICER:        That's what he was putting in the car when I pulled up.

DEFENDANT:      No, I wasn't, man. No, I wasn't. That's a lie.

Appellate counsel is directed to omit her summary and do her best to abstract in an impartial manner the transcript of the DVD.

2

Next, appellate counsel abstracts the following directed-verdict motion, but she added key words, italicized below, that do not appear in the record in connection with that particular motion:

> Defense moves for a directed verdict at this point. (R.216). The possession of a firearm that was not visible, it was under the seat and *he did not have constructive nor actual possession of the gun* (R.216). The car didn't belong to the Defendant, neither did the gun, so based on those circumstances, the defense moves for a directed verdict on that charge (R.216).

(Emphasis added.) Trial counsel did say, "The firearm does not belong to Mr. Bens. He, therefore, did not possess the firearm." Further, when trial counsel *renewed* the directed-verdict motion at the close of all the evidence, he said, "[Mr. Bens] didn't possess the firearm constructively or actually."

This distinction is crucial given the State's response. In its brief, the State argues that trial counsel's motion challenging the sufficiency of the evidence was not specific in that the issue of constructive possession was not raised at *both* the close of the State's case and at the close of all the evidence; therefore, the issue is not preserved for review. Appellate counsel is directed to abstract—without embellishment—trial counsel's directed-verdict motion made at the close of the State's case.

At the end of the abstract, appellate counsel inexplicably includes verbatim exchanges of three objections that were made during the trial. Appellate counsel, however, makes no arguments on appeal related to evidentiary rulings. Although material information *may* be found in objections, this information is not material to the issue on appeal and thus should not be included in the abstract. Ark. Sup. Ct. R. 4-2(a)(5)(A). *See Roggasch v. Sims*, 2015 Ark. App. 74 (citing *Am. Transp. Corp. v. Exch. Capital Corp.*, 84 Ark. App. 28, 129 S.W.3d

3

312 (2003) (recognizing that an abstract can be deficient for containing too much material, as well as too little)).

## II. *Statement of the Case*

Arkansas Supreme Court Rule 4-2(a)(6) provides that the appellant's brief shall contain a concise statement of the case without argument. The rule further provides that the statement of the case should be sufficient to enable this court to understand the nature of the case, the general fact situation, and the action taken by the trial court. *Id*. Here, appellate counsel's statement of the case contains argument and includes more than general facts. Appellate counsel asserts that

> [t]he Defendant never knew that there was a gun and the officers didn't notice the gun until the door was opened, even then not all the officers saw the gun under the front seat of the car the Defendant got out of. Once the Defendant was in custody he remembered about the gun and it being his fiancée's gun. Just because there is gum [sic] under the seat, doesn't mean it's your gum [sic].

Appellate counsel is directed to prepare a concise statement of the case without argument as required by the rules. Ark. Sup. Ct. R. 4-2(a)(6).

## III. *Addendum Omissions*

Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) provides that the addendum must include "any motion to extend the time to file the record on appeal, and any related response, reply, or exhibit" and "any order extending the time to file the record on appeal." Appellate counsel failed to include a motion for extension of time for filing the record and the order granting that extension. The motion and order are essential for this court to confirm its jurisdiction; therefore, appellate counsel must include them in her substituted addendum.

4

Rule 4-2(a)(8)(A)(i) also provides that the addendum must include "in a case where there was a jury trial, the jury's verdict forms." While the penalty-phase verdict forms are in the addendum, the guilt-phase verdict forms are not. Appellate counsel should include the guilt-phase verdict forms in her substituted addendum.

IV.  *Conclusion*

Appellate counsel has fifteen days from the date of this opinion to cure these and any other deficiencies by filing a brief with a substituted abstract and addendum. Ark. Sup. Ct. R. 4-2(b)(3). The deficiencies we have noted are not to be taken as an exhaustive list. We encourage appellate counsel to examine Rule 4-2 to ensure that she has complied with our rules before filing the brief with its substituted abstract and addendum. Appellate counsel is directed not to alter her argument.

Rebriefing ordered.

HARRISON and KLAPPENBACH, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.