Cite as 2020 Ark. App. 6

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-18-951

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** January 15, 2020 |
| ANTHONY BENS | | |
| | APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-18-7] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

A Grant County jury found appellant Anthony Bens guilty of possession of a firearm by certain persons (felon) and tampering with evidence. The jury sentenced Bens as a habitual offender to seven years' imprisonment, and he was fined $300 for the misdemeanor offense of tampering with evidence. Bens challenges only the possession-of-a-firearm conviction and argues that the evidence was insufficient to support the conviction. We affirm.[1]

---

[1]We previously ordered rebriefing because of deficiencies and a failure to comply with our rules in that there were abstracting issues, impermissible argument within the statement of the case, and omissions from the addendum. *Bens v. State*, 2019 Ark. App. 355 (*Bens I*).

I. *Trial Testimony*

The following is a summary of the testimony at trial. On December 21, 2017, law enforcement officers responded to a report of two males fighting in the street. When the officers arrived at the scene, two men were in the street and began walking toward a vehicle parked at the entrance to an apartment complex. Deputy David Ponder with the Grant County Sheriff's Department testified that, when he arrived at the scene with his blue lights on, Bens had "[given him] a wave" and had gotten into his vehicle. Deputy Ponder ordered him to get out of the vehicle, but Bens did not comply until after the second command. Officer Danny Clark with the Sheridan Police Department, looking through the open window on the passenger's side of the car, noticed a "blunt" on the console. Corporal Tommy Holcomb with the Grant County Sheriff's Department confirmed that it was a marijuana "blunt," but he also saw an open gun case on the passenger's seat. There was a loaded magazine in the gun case, but there was no gun. When Corporal Holcomb asked Bens about the blunt, Bens ran around to the driver's side of the car. With the officers yelling at him not to get in the car, and even drawing their weapons, Bens opened the driver's-side door, grabbed the blunt, and ate it. Corporal Holcomb then saw part of a handgun under the driver's seat.[2] Bens was arrested, and Corporal Holcomb secured the

---

[2]We noted in *Bens I* that appellate counsel's abstracting was misleading at times. For example, she characterized the officers as "explain[ing] . . . that Mr. Bens doesn't need to go back to the car," when the DVD and transcript demonstrate more urgency on the part of the officers, who were shouting commands, and show that Bens actually entered the car. Also, appellate counsel's abstract indicates that "Mr. Bens explained . . . that he wasn't going for the gun when the officers' [sic] pulled up." The transcript of the DVD indicates

firearm—a .40-caliber Glock—which was loaded with a full magazine and a cartridge in the chamber. A video of the incident was played for the jury. Defense counsel moved for a directed verdict, and the trial court denied it as to the felon-in-possession-of-a-firearm charge.

Catherine Winfrey, Bens's mother, testified that the title to the vehicle in which the firearm was found is in her name but that Letitia Cranford, Bens's fiancée, is the one who primarily drives the car. Cranford testified that she had asked Bens to take her to work that day because it was foggy. She said that she had bought the firearm for protection and kept it under the driver's seat. She said that she typically puts the gun back into its case and takes the case inside her house but that she had forgotten to do that the night before Bens was stopped by police because she had gotten home so late. Bens testified that he did not realize that the gun, or even the gun case, was in the car that day. Bens said that the gun case was not on the passenger's seat because Cranford had been sitting there and that the police must have put it there. He said that he was aware that Cranford had a gun but that she kept it in a locked box in their apartment. He insisted that he is "a pretty big guy" and "[doesn't] need a gun." Defense counsel then renewed his directed-verdict motion, and it was again denied. The jury convicted Bens of felon in possession of a firearm and sentenced him to seven years' imprisonment.

II. *Discussion*

---

that an officer said that Bens must have been *putting the gun in the car* when he (the officer) initially arrived. We urge appellate counsel to be more careful when abstracting.

Bens argues that the evidence was insufficient to support his conviction for felon in possession of a firearm because the State failed to prove that he exercised actual or constructive possession of the firearm. The State argues that Bens's argument is not preserved for review because he did not use the word "constructive" in his directed-verdict motion at the close of the State's case. Rule 33.1(c) of the Arkansas Rules of Criminal Procedure provides that a motion for directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient. In his initial directed-verdict motion, Bens argued that he did not possess the firearm in that the firearm was not visible, that he did not own the firearm, and that he did not own the car in which the firearm was found. At the close of all the evidence, Bens moved to "renew" his motion for a directed verdict and further argued that the State had failed to prove actual or constructive possession. We conclude that the broad term "possession" encompasses the more precise term "constructive possession," because here, Bens essentially argued constructive possession in his initial directed-verdict motion. Under these circumstances, we hold that Bens's motions are sufficient to preserve his argument for review.

A motion for a directed verdict at a jury trial is a challenge to the sufficiency of the evidence. *Martin v. State*, 2019 Ark. App. 19, 567 S.W.3d 558. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*

We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

No person who has been convicted of a felony shall possess or own any firearm. Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016). A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *White v. State*, 2014 Ark. App. 587, 446 S.W.3d 193. Constructive possession may be implied when the contraband is found in a place immediately and exclusively accessible to the accused and subject to his or her control. *Id.* Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

While Bens relies on *Lambert v. State*, 2017 Ark. 31, 509 S.W.3d 637, and *Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785, those cases are distinguishable in that they are joint-occupancy cases in which additional factors must be established to link the accused to the contraband. *See also Pokatilov*, *supra* (although Pokatilov was the only occupant of an automobile carrier, the supreme court analyzed it as a joint-occupancy case because drugs were found in a vehicle owned by another that was being transported by Pokatilov's automobile carrier). Although Bens's mother owned the vehicle and his fiancée was the primary driver of it, Bens was the sole occupant of the vehicle at the time of his arrest. In

*Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002), the supreme court held that a single occupant in a borrowed car or a car owned by another is subject to only the general inquiry for constructive possession and that the State does not need to inquire into the elements for joint occupancy.

The firearm was under the driver's seat, so it was immediately and exclusively accessible by Bens and subject to his control. Constructive possession can be implied at that point. The jury was not required to believe Bens's self-serving testimony that he had no knowledge that the firearm was in the vehicle, especially given that the evidence showed that the gun case in which the firearm had been kept was open and empty on the passenger's seat. We hold that substantial evidence supports the jury's verdict; therefore, we affirm Bens's conviction for felon in possession of a firearm.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.