Cite as 2020 Ark. App. 446

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-888

| | |
|---|---|
| ADRIAN DESHEAN JOHNSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 30, 2020<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CR-18-9]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Following a jury trial in the Jefferson County Circuit Court, Adrian Johnson was convicted of being a felon in possession of a firearm. He was sentenced to twelve years' imprisonment for his conviction, and his sentence was enhanced an additional twelve years for his use of a firearm in committing the crime. On appeal, Johnson challenges the sufficiency of the evidence supporting the conviction and argues that the enhancement was improper. We affirm.

Officer Kevin Collins with the Pine Bluff Police Department testified that he and two other officers conducted a traffic stop on Johnson on December 10, 2017. Johnson was the sole occupant of the vehicle. Collins said that Johnson, who was on parole, consented to a search of the vehicle, and Collins discovered a handgun under the passenger seat. Collins testified that he asked Johnson if he knew that the gun was in the vehicle, and

Johnson said yes. According to Collins, Johnson also told the officers that he had purchased the gun off the street and that the officers could take it with them because he did not want to go to jail. A photograph of the handgun under the passenger seat in the same position Collins found it in was admitted into evidence. The photograph also showed socks and a brush under the seat with the gun.

Sharonda Jackson testified that Johnson was driving her car when he was pulled over. Johnson and Jackson had previously been in a relationship but had broken up in 2016. Jackson said that on the morning of December 10, she had an altercation with a friend, Brandon Gates, and kicked him out of her home. It was later discovered that Gates had left his gun, wrapped in a white shirt, in Jackson's closet. Jackson said that she did not want him coming back inside her home, so she put the gun under the passenger seat of her car and told Gates to retrieve it from the car. That afternoon, Johnson asked to borrow Jackson's car. Jackson said that she did not know if Gates had retrieved the gun or not and that she had forgotten about it because she had been called into work early. She testified that Johnson did not know the gun was in the car. Jackson said that she never saw the gun because she kept it wrapped in the shirt.

Johnson testified and denied knowing that the gun was in the car. He said that he did not make the statement Officer Collins attributed to him about buying the gun off the street. He claimed that he did not tell the officers anything.

On appeal, Johnson argues that there was insufficient evidence that he had any knowledge that the gun was in the vehicle. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence,

2

direct or circumstantial. *Bens v. State*, 2020 Ark. App. 6, 593 S.W.3d 495. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

No person who has been convicted of a felony shall possess or own any firearm. Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016). A showing of constructive possession, which is the control or right to control the contraband, is sufficient to prove possession of a firearm. *Bens*, *supra*. Constructive possession may be implied when the contraband is found in a place immediately and exclusively accessible to the accused and subject to his or her control. *Id.* Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Id.*

Johnson cites *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995), in arguing that there were insufficient "linking factors" to prove constructive possession of the gun. *Kilpatrick*, however, involved joint occupancy of a vehicle, which requires some other factor linking the accused to the contraband to prove constructive possession. In the case of a single occupant in a borrowed car, the supreme court has held that the State need only prove construction possession of the contraband without including any inquiry into the elements for joint occupancy. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002).

Constructive possession may be implied here because the gun was found in a place immediately and exclusively accessible to Johnson and subject to his control. Officer Collins testified that the gun was found under the passenger seat along with socks and a brush, which is contrary to Jackson's testimony that the gun was wrapped in a shirt. Furthermore, Officer Collins testified that Johnson admitted he knew the gun was in the car. As we stated in *Bens*, the jury was not required to believe the defendant's self-serving testimony that he had no knowledge that the firearm was in the vehicle. Accordingly, we hold that substantial evidence supports the conviction.

For his second point on appeal, Johnson challenges the sentencing enhancement he received pursuant to Arkansas Code Annotated section 16-90-120(a) (Supp. 2019). That statute provides in part that a person convicted of any felony who employed a firearm as a means of committing the felony may be subjected to an additional period of confinement for a period not to exceed fifteen years. Johnson's cursory argument, however, fails to even cite the statute. Instead, he simply states that it is "counsel's understanding" that an enhancement may be appropriate when a firearm is used to facilitate the crime during its commission, but here there is "no evidence that the weapon was used to commit a crime." We will not reverse when a point on appeal is unsupported by convincing arguments or sufficient citation to legal authority.[1] *Coger v. State*, 2017 Ark. App. 466, 529 S.W.3d 640. Therefore, we affirm Johnson's conviction and sentence.

---

[1]We also note that there is no indication that Johnson objected to the enhancement at trial when the jury was instructed on it. Furthermore, in *Hinton v. State*, 2015 Ark. 479, 477 S.W.3d 517, the supreme court rejected the appellant's argument that the statute does not apply when the underlying felony is simple possession of a firearm.

Affirmed.

HARRISON and HIXSON, JJ., agree.

*William McNova Howard, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.