Cite as 2021 Ark. App. 64

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-209

| | | |
|---|---|---|
| | | **Opinion Delivered** February 10, 2021 |
| RAY PORCHAY | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-19-417] |
| V. | | |
| | | HONORABLE BILL PEARSON, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Ray Porchay appeals his conviction by a Pope County Circuit Court jury of Class B felony possession of methamphetamine with the purpose to deliver and Class D felony possession of drug paraphernalia. On appeal, Porchay challenges the sufficiency of the evidence introduced against him. We affirm.

At the trial, Detective David Bevis testified that he initiated a traffic stop on October 11, 2019, after observing a grey sedan cross over a double yellow line. Upon approaching the car, Detective Bevis observed Porchay seated in the front-passenger seat. Although Porchay refused to identify himself, Detective Bevis recognized him from previous interactions. Detective Bevis asked both occupants to exit the car.

Detective Benjamin Tucker testified that he assisted Detective Bevis in conducting the traffic stop and observed a black zipper bag sitting in the passenger seat when Porchay exited the car. Detective Bevis searched this bag and found numerous small plastic "baggies," pipes,

and two bags containing suspected methamphetamine. Detective Bevis testified that, given his training and experience as a Drug Task Force officer, he knew that one of the glass pipes was a type commonly used to smoke methamphetamine, that another pipe contained methamphetamine residue, and that the two baggies contained methamphetamine. Detective Bevis testified that he had conducted hundreds of narcotics investigations and recognized that the presence of additional unused baggies as well as the amount of methamphetamine packaged inside two other baggies evidenced the sale of narcotics.

All these items were introduced at trial, and an Arkansas State Crime Laboratory forensic chemist confirmed that one of the baggies contained 3.5103 grams of methamphetamine.

Drug Task Force officer Michael Evans testified that he interviewed Porchay following his arrest on April 11, 2019, and that Porchay admitted that "he sold methamphetamine quite often[.]" Porchay moved for direct verdict at the close of the State's evidence and argued the following:

> I'd move for a directed verdict. The State has failed to meet its burden of proof. The State has to prove knowingly, for one, and that's prove possession. They're looking at constructive possession here that the item that they're claiming he was in possession of was in the vehicle, it was in the seat. It wasn't in his direct control or possession. It was closed. There was no other evidence that there was drugs in the vehicle that would allow a person to know that there were going to be drugs there or that would contain drugs . . . [a]nd so there's not enough evidence to . . . determine that he knew or had any reason to know . . . that there were drugs in that container.

The circuit court denied the motion for direct verdict finding that Detective Tucker's testimony was evidence that Porchay acted "knowingly."] Porchay presented no evidence in his defense before he renewed his motion for directed verdict, which was denied. The jury found Porchay guilty of Class B felony possession of methamphetamine with purpose to

2

deliver and Class D felony possession of drug paraphernalia, and he was sentenced to a total of thirty-one years' imprisonment as a habitual offender.

Motions for directed verdict are challenges to the sufficiency of the evidence. *Baker v. State*, 2019 Ark. App. 515, at 1, 588 S.W.3d 844, 846. When reviewing sufficiency challenges, we "view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered." *Id.* at 1–2, 588 S.W.3d at 846. Substantial evidence is evidence of sufficient force and character that it will, with reasonably certainty, compel a conclusion, one way or the other beyond suspicion or conjecture. *Id.*

On appeal, Porchay challenges the sufficiency of the evidence introduced against him. Specifically, he claims that the State presented insufficient evidence of the necessary "linking factors" needed to establish constructive possession of contraband in a jointly occupied vehicle. *See Baker*, 2019 Ark. App. 515, at 5, 588 S.W.3d at 848. Because Porchay failed to properly preserve his argument, we affirm.

Porchay's appellate argument is barred because he failed to raise it in his motion for directed verdict. While his motion mentioned constructive possession, he only challenged whether the State had proved that he "knew' or "had reason to know" about the presence of the drugs. Accordingly, the circuit court ruled only on that issue finding that there was sufficient evidence that Porchay had acted "knowingly." Now, for the first time on appeal, he argues that the State failed to present sufficient evidence of the linking factors needed to establish constructive possession. This argument is new and is distinct from the challenge he made below, and the circuit court was never given an opportunity to rule on this issue.

Arkansas Rule of Criminal Procedure 33.1(a) (2020) provides that "[i]n a jury trial, if a motion for directed verdict is to be made, . . . it . . . shall state the specific grounds therefor." Further, "[t]he failure of a defendant to challenge the sufficiency of the evidence . . . in the manner required . . . will constitute a waiver of any question pertaining to the sufficiency of the evidence[.]" Ark. R. Crim. P. 33.1(c). Subsection (c) elaborates that "[a] motion for directed verdict . . . based on insufficiency of the evidence must specify the respect in which the evidence is deficient." Porchay's motion was about the sufficiency of proof supporting constructive possession, but because it was limited to proof of his knowledge about the presence of the drugs, it failed to raise the specific argument he now challenges on appeal. We affirm for lack of preservation.

Even if the argument was preserved, it lacks merit. The State is not required to prove literal physical possession of contraband in order to prove possession as an element of a crime, and a defendant's constructive possession will suffice. *Baker*, 2019 Ark. App. 515, at 5, 588 S.W.3d at 848. To show constructive possession, the State must prove that a defendant exercised care, control, and management over the contraband and that the defendant knew the matter possessed was contraband. *Id.* Although constructive possession can be inferred when drugs are in the joint control of the defendant and another, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some other factor linking the accused to drugs discovered inside a jointly occupied vehicle, such as (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car as the accused or in near proximity; (4) whether the accused is the owner of the automobile or exercises

dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.* at 5–6, 588 S.W.3d at 848. There is no requirement, however, that a majority of the linking factors be present in order to prove constructive possession. *Baker*, 2019 Ark. App. 515, at 6, 588 S.W.3d at 848; *McCastle v. State*, 2012 Ark. App. 162, at 4–5, 392 S.W.3d 369, 372. Here, in addition to Porchay's occupancy in the car and his nearness to the drugs, he also refused to identify himself and then later admitted that he often sold methamphetamine.

Porchay also challenges the sufficiency of the evidence introduced to prove intent to deliver. This argument fails for the reasons outlined above. Porchay did not challenge proof of intent in his motion for directed verdict, and it is therefore not preserved. Additionally, the State introduced significant evidence that the drugs were found with items indicating an intent to sell, and Porchay admitted to police that he often sold methamphetamine.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Rhoads & Armstrong, PLLC*, by: *Mary Goff*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.