Cite as 2024 Ark. App. 570

# ARKANSAS COURT OF APPEALS
## DIVISION II
**No.** CR–24–215

| | | |
|---|---|---|
| KEVIS WILLIAMS | APPELLANT | **Opinion Delivered** November 20, 2024 |
| | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-20-195] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBERT B. GIBSON III, JUDGE |
| | | AFFIRMED |

### BRANDON J. HARRISON, Chief Judge

Kevis Williams appeals the Drew County Circuit Court's findings that he violated conditions of his suspended sentence by constructively possessing a firearm and controlled substances on 5 September 2023, when Drug Task Force agents executed a search warrant in Dumas at a camper on Lincoln Street. Agent Ben Michel, who took part in the search, testified at the revocation hearing that police had been investigating reports of narcotics sales there. They found Williams and an unnamed woman inside. According to Agent Michel, Williams told another officer (Agent Slaughter) there was a gun in a bag near the door. It was missing a firing pin, he said.[1] The gun—a loaded revolver—was not all the bag contained: agents found four bags of suspected methamphetamine inside, totaling about

---

[1]Williams did not dispute the gun was a "firearm" as defined by statute. *Compare, e.g.*, *S.T. v. State*, 318 Ark. 499, 885 S.W.2d 885 (1994). The record does not disclose whether it was missing a firing pin.

fourteen grams. A jar nearby contained sixteen grams of marijuana in fifteen separate bags. When Agent Slaughter found the gun, he asked Williams, "What about the rest of them?" Agent Michel saw Williams nod his head.

The conditions of Williams's suspended sentences included requirements not to "purchase, own, possess, or control any deadly weapons or firearms" or to "possess, buy, consume, sell or distribute any . . . controlled substances" or "enter places where . . . controlled substances are used, sold, or permitted." Williams is a convicted felon, so possessing a firearm would also violate another condition: do not "commit any felony misdemeanor or other criminal offense punishable by confinement in jail or prison." Ark. Code Ann. § 5-73-103(a)(1) (Supp. 2023). The circuit court found "very easily" that he had violated all three conditions.

Constructive possession of contraband "means knowledge of its presence and control over it." *Lambert v. State*, 2017 Ark. 31, at 3, 509 S.W.3d 637, 640. Williams argues there was insufficient proof he constructively possessed the gun or the drugs because the State did not prove he owned (or even lived in) the camper, and proving that he knew there was contraband inside didn't also establish that he exercised "control, care, or management" of it. He argues the record is clouded on that point because the other occupant had a personal-use amount of methamphetamine on her person when she was processed at the Dumas jail, and methamphetamine was found with the gun. We limit our discussion to the firearm violation because the point is clearer, and even one violation will sustain the decision to revoke.

In the revocation setting, we will affirm a constructive-possession finding on weaker proof than we would require to affirm a criminal conviction, because the State's burden of proof is preponderance of evidence, not proof beyond a reasonable doubt. *Farris v. State*, 2024 Ark. App. 188, 686 S.W.3d 602. Only if the circuit court's finding is clearly against the preponderance of the evidence will we reverse. *Id.*

Mere joint occupancy of a residence does not establish that a defendant possessed all contraband inside. *Hare v. State*, 2024 Ark. App. 223, 687 S.W.3d 158; *Garner v. State*, 2020 Ark. App. 101, 594 S.W.3d 145. Some additional factor must link it to the accused, like proximity, the fact that the contraband was in plain view, the defendant's ownership of the residence, or suspicious behavior before the contraband was discovered. *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793 (1988). This list is not exclusive. Common sense has a place at the legal table; and it attunes to any number of situations.

These "additional factors" are simply some recognized circumstances that bolster the inference that a defendant knew about accessible contraband. *See Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849; *see also Garner*, 2020 Ark. App. 101, at 8, 594 S.W.3d at 151 ("In sum, a totality of the circumstances is considered when determining whether sufficient additional incriminating factors support a finding of constructive possession."). For example, we have cited the fact that contraband was in plain view as evidence that tends to establish constructive possession. *E.g.*, *Miller v. State*, 68 Ark. App. 332, 6 S.W.3d 812 (1999). But in other cases, we found it inculpatory that the contraband was deliberately concealed. *See McDaniel v. State*, 2019 Ark. App. 66, 571 S.W.3d 43.

It might seem like the rule is "heads I win, tails you lose." But depending on other facts, either circumstance might tend to make it more likely that the defendant knew about the contraband. If a handgun was in plain view of arresting officers, it's more likely (other things being equal) the defendant saw it too. Conversely, handguns are not ordinarily stored as disassembled parts scattered among the food boxes and leftovers in a refrigerator. If police officers found a dismembered handgun in a felon's refrigerator after she stalled their entry to conduct a search, it's more likely that (among several residents) the felon for whom it was contraband hid the parts there. *See id.*; *see also Taylor v. State*, 2022 Ark. App. 464, 655 S.W.3d 330.

We have cited statements in which a defendant admitted there was a firearm in a jointly occupied place as evidence the defendant constructively possessed the firearm. A partial list includes *Taylor*, *supra*; *Johnson v. State*, 2020 Ark. App. 446, 608 S.W.3d 162; and *Dye v. State*, 2018 Ark. App. 545, 564 S.W.3d 299. Plainly, Williams's statement that there was a gun in the bag establishes the "knowledge" part of "knowledge and control."

Drawing the limits of what the "control" part could encompass would be harder. But we don't need to try here, because this isn't a close case. If a defendant volunteers to law enforcement that a certain car is a Datsun 280ZX, we might infer that he's a car guy. If he volunteers that it has a soft clutch and burns oil, we can infer he's probably driven it. Williams's statement to Agent Slaughter demonstrated that he was familiar enough with the gun to know it was missing a firing pin. This was sufficient circumstantial evidence that he exercised "control, care, or management" of it to support a constructive-possession finding in a revocation case.

4

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.