Cite as 2025 Ark. App. 87

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-24-271

|  |  |  |
|---|---|---|
| BJZORN RAMON DEAN | | Opinion Delivered February 12, 2025 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-23-726] |
| V. | | |
| | | HONORABLE JOSH FARMER, JUDGE |
| STATE OF ARKANSAS | | AFFIRMED |
| | APPELLEE | |

### WENDY SCHOLTENS WOOD, Judge

Bjzorn Dean appeals from a Saline County Circuit Court sentencing order convicting him of possession of a firearm by certain persons and sentencing him as a habitual offender to sixty months' imprisonment. In addition to challenging the sufficiency of the evidence to support the conviction, Dean contends that the circuit court erred in overruling his objection to the State's "introduction of evidence" of prior criminal behavior. We affirm.

On November 9, 2023, the State charged Dean with possession of a firearm by certain persons pursuant to Arkansas Code Annotated section 5-73-103 (Repl. 2024), alleging that on or about August 22, 2023, he possessed a firearm and that he had been previously convicted of a felony. The State amended the information, adding that Dean is a habitual offender having been convicted of four or more felonies. A jury trial took place on February 21, 2024.

Deputy Christopher Yates of the Saline County Sheriff's Department testified that he responded to a 911 call on August 22 that shots had been fired and a woman had been hit in the neck. When Yates and his partner, Deputy Clark, arrived at the scene, they encountered a woman—who was bleeding from her neck—along with multiple other people. Deputy Yates, Deputy Clark, and Deputy Walls began to secure the scene and investigate the shooting. They "cleared" three residences on the property, which was surrounded by a privacy fence, to be sure everyone on the property was outside the crime scene. The residences included a camper toward the front of the property, a single-wide trailer, and another smaller camper, which was behind the trailer. While clearing the camper behind the trailer, Deputy Yates saw two guns next to the sink—a black .22 revolver and an "airsoft gun."

Deputy Yates returned to the group of people at the scene and asked who lives in the camper behind the trailer. Dean told Deputy Yates that it is his property and that he lives in the camper behind the trailer. Deputy Yates testified that a "check" on Dean revealed he is a felon but said that neither of the guns in Dean's residence were involved in the shooting. The State introduced Deputy Yates's body-cam video into evidence and played a portion of it for the jury, which showed the deputy's discovery of the revolver in the camper and Dean's statement that he lives in that camper.

The State rested, and Dean moved for a directed verdict, arguing that "[t]he State did not meet it's burden[.]" The circuit court denied the motion, and Dean called Robert Walker, who testified that the black .22 revolver belongs to him. Walker said that Dean's wife had called him earlier that day to check the electricity because Dean was not home, and

2

she had "no lights." Walker said that because he had to check the electrical box, he left his revolver on the counter of Dean's residence, explaining that you do not want metal on you when you are doing electrical work. Walker testified that Dean had returned to his residence before the shooting.

On cross-examination, Walker said he has known Dean for thirty years and does not want Dean to get in trouble because of Walker's weapon. Although Walker was present when Dean was arrested that night, Walker said he did not tell law enforcement that the gun belonged to him because he thought Dean was being arrested for a warrant. After Walker learned that Dean had been arrested for the gun, he told Dean and his wife that the gun was his, but he never told law enforcement. He said he figured he would "wait until court." Walker also testified that he uses a mobility scooter because he has difficulty walking and had been using it the night of the shooting as shown in the body-cam video. He said that although he uses a scooter, he was able to get up the two steps into Dean's camper to lay his gun down.

The defense rested and renewed its motion for directed verdict, stating, "[E]specially now with what the witness testified to, the State didn't meet its burden of proof in this case." The jury found Dean guilty, and this appeal followed.

Dean, who was convicted of possession of a firearm by certain persons,[1] first argues that the evidence is insufficient to support a finding that he was in constructive possession

---

[1]Arkansas Code Annotated section 5-73-103(a)(1) provides that no person who has been convicted of a felony shall possess or own a firearm.

of a firearm. A motion for a directed verdict at a jury trial is a challenge to the sufficiency of the evidence. *Bens v. State*, 2020 Ark. App. 6, at 4, 593 S.W.3d 495, 498. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* at 4, 593 S.W.3d at 498. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* at 4, 593 S.W.3d at 498. We view the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* at 5, 593 S.W.3d at 498.

Rule 33.1(b) of the Arkansas Rules of Criminal Procedure requires that a directed-verdict motion based on insufficient evidence must specify in what manner the evidence is deficient; a motion merely stating that the evidence is insufficient does not preserve issues concerning a specific deficiency—such as insufficient proof on the elements of the offense—for appellate review. Rule 33.1 is to be strictly construed. *Merchant v. State*, 2017 Ark. App. 576, at 3, 532 S.W.3d 136, 138. The reasoning behind Rule 33.1 "is that when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof." *Pinell v. State*, 364 Ark. 353, 357, 219 S.W.3d 168, 171 (2005). Another reason the motion must be specific is because the appellate courts cannot decide an issue for the first time on appeal. *Id.*, 219 S.W.3d at 171.

In his motion for directed verdict, Dean argued that "[t]he State did not meet its burden[.]" Because Dean's directed-verdict motion failed to specify in what manner the

4

State's proof was insufficient and did not raise the constructive-possession argument he now raises, his sufficiency argument is not preserved for appellate review. *See Jones v. State*, 2019 Ark. App. 219, at 3 (holding that a motion that the State had not made a "prima facie case" was insufficient to preserve a sufficiency challenge to convictions of possession of drug paraphernalia and possession of methamphetamine); *McKinney v. State*, 2018 Ark. App. 10, at 4, 538 S.W.3d 216, 219–20 (holding that the motion for directed verdict was too general to raise constructive possession of firearm on appeal when the motion for directed verdict stated that the defendant did not possess the firearm).

Last, Dean contends that the circuit court erred in overruling his objection to the State's introduction of evidence of prior criminal behavior. During closing arguments, the State argued that Dean had a "firearm and was not supposed to. And not only has he done it this time, but he did it before. He's already been convicted of being a felon in possession." Defense counsel asked to approach and argued that although prior criminal convictions can be used for impeachment under the rules of evidence, they cannot be used to show a propensity for committing a future crime. The State responded that Dean stipulated to the fact that he had been convicted of being a felon in possession of a firearm and that the stipulation was being used to prove an element of the State's case. The circuit court overruled the objection.

On appeal, Dean agrees that he stipulated to the fact that he "was a felon" but that the State went beyond the stipulation to use the prior conviction in an attempt to establish a pattern of behavior in violation of Arkansas Rule of Evidence 404(b), which provides:

(b) *Other Crimes, Wrongs, or Acts*. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Dean contends that allowing the State to claim he had "broken the law once and he did it again" was prejudicial and "pushed the jury toward finding him guilty," adding that the circumstantial evidence became much more persuasive once the jury was told that he had the tendency to commit crimes.

A circuit court has broad discretion to control counsel in closing arguments. *Muldrew v. State*, 331 Ark. 519, 522, 963 S.W.2d 580, 581 (1998). We do not overturn a circuit court's ruling on an objection to a closing argument without a manifest abuse of discretion. *Bragg v. State*, 2023 Ark. 66, at 9, 663 S.W.3d 375, 381. Closing remarks that require reversal are rare and require an appeal to the jurors' passions. *Tate v. State*, 367 Ark. 576, 582, 242 S.W.3d 254, 260 (2006). Furthermore, the circuit court is in the best position to evaluate the potential for prejudice based on the prosecutor's remarks. *Id.*, 242 S.W.3d at 260.

Here, one of the elements of the crime with which Dean was charged is that he has been convicted of a felony. Ark. Code Ann. § 5-73-103(a)(1). Dean stipulated to this element,[2] and the stipulation was published to the jury; therefore, the jury was already aware that Dean had previously been convicted of the same crime. Considering the stipulation and

---

[2]The stipulation read: "The State and the Defense agree that the Defendant has a prior felony conviction for possession of firearms by certain persons."

the circuit court's broad discretion in controlling counsel in closing argument, we cannot say that the circuit court abused its discretion.

Affirmed.

TUCKER and BROWN, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.