Cite as 2026 Ark. App. 186

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-25-246

| | |
|---|---|
| TAVARES MONTGOMERY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 18, 2026<br><br>APPEAL FROM THE DESHA COUNTY CIRCUIT COURT<br>[NO. 21ACR-24-31]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Tavares Montgomery appeals from his jury conviction for possession of a firearm by certain persons in violation of Arkansas Code Annotated section 5-73-103(a)(1) (Repl. 2024). He contends that the circuit court erred in denying his motions for directed verdict because the evidence was insufficient to prove that he constructively possessed the firearm found in the vehicle. We affirm.

### I. *Facts and Procedural History*

The material facts are largely undisputed. In the early-morning hours of February 21, 2024, Officer Damian Durham and Sergeant Greg Freeman with the Dumas Police Department each responded to the Woodland Apartments pursuant to a call stating that a man driving a maroon sedan with a missing hubcap had pulled a gun on the caller there. Officer Durham located a vehicle matching the description at the apartments.

When Officer Durham arrived, Montgomery was the only person seen inside the vehicle and the only person who emerged from it. Officer Durham explained the situation and informed Montgomery that he was being detained while officers investigated the reported incident. Montgomery stated that his girlfriend had picked him up from Pine Bluff, where he lives, and had driven him to Dumas because a man had been continuously knocking on her apartment door. Montgomery said he had stayed outside to smoke "weed" while his girlfriend went inside the apartment and that she was likely in bed.

When asked whether he had any identification, Montgomery stated that he did not. He told Officer Durham that his name was Traveon Miller and that he did not have a gun. Dispatch could not find a person named Traveon Miller with the date of birth provided by Montgomery, prompting Officer Durham to continue questioning him regarding his real name. Montgomery was handcuffed and placed in the back seat of Sergeant Freeman's police vehicle. Sergeant Freeman began walking toward the vehicle Montgomery had been in, and Montgomery tried to prevent the vehicle from being searched by exclaiming that he did not consent.

Sergeant Freeman subsequently saw, in plain view between the driver's seat and the center console, a black handgun with an extended magazine. When confronted, Montgomery stated, "I've got a gun in the car."

Montgomery was transported to the Dumas Police Department and was eventually identified as Tavares Montgomery of Pine Bluff. An ACIC search of Montgomery confirmed that he is a convicted felon and had current warrants for his arrest. Montgomery was initially

booked into the Dumas jail for aggravated assault, possession of a firearm by certain persons, and obstructing governmental operations.

On March 7, 2024, Montgomery was charged by information with two counts: (1) aggravated assault in violation of Arkansas Code Annotated section 5-13-204 (Repl. 2024), a Class D felony; and (2) felon in possession of a firearm in violation of Arkansas Code Annotated section 5-73-103, a Class D felony.

At the jury trial held on January 8, 2025, the State ultimately proceeded only on a Class B firearm-possession charge. The parties stipulated to certified copies of Montgomery's prior convictions, including one for first-degree terroristic threatening, which qualified as a violent felony. Officers Durham and Freeman testified for the State.

At the close of the State's case, Montgomery moved for a directed verdict, arguing that "actual possession was not proven" because the gun was not found on his person and that the vehicle belonged to his girlfriend. The motion did not specifically challenge constructive possession or the absence of linking factors, although the State did raise it in response. The circuit court denied the motion.

After Montgomery testified on his own behalf and Officer Durham was briefly recalled, counsel for Montgomery renewed the motion at the close of all evidence, again focusing on vehicle ownership and who had been driving. The renewed motion was denied, and the jury found Montgomery guilty. He was sentenced to ten years' imprisonment pursuant to the sentencing order entered on January 9, 2025. A notice of appeal was timely filed on February 6, and this appeal followed.

## II. *Standard of Review*

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and only the evidence supporting the verdict will be considered. *See, e.g.*, *Morris v. State*, 2023 Ark. App. 228, 664 S.W.3d 473. A conviction is affirmed if substantial evidence exists to support it, meaning the evidence is forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.* Circumstantial evidence may support the conviction, but it must be inconsistent with any other reasonable hypothesis of innocence. *Id.* Whether the evidence excludes all other reasonable hypotheses that show innocence is a decision for the jury. *Id.* The jury is responsible for determining witness credibility and resolving any inconsistencies in the evidence. *Id.*

## III. *Sufficiency of the Evidence*

We first address the preservation issue. A motion for directed verdict is a challenge to the sufficiency of the evidence. *Porchay v. State*, 2021 Ark. App. 64, 616 S.W.3d 699. To preserve a sufficiency argument for appellate review, a defendant must move for directed verdict at the close of the State's evidence and again at the close of all evidence, and the motion must state the specific grounds therefor. Ark. R. Crim. P. 33.1(a), (c) (2025).

Our supreme court and this court have repeatedly held that a defendant must specifically apprise the circuit court of the particular element of the offense that the State has failed to prove. A general motion or one asserting only that the State failed to prove "possession" without specifying constructive possession or the absence of linking factors is

insufficient to preserve those arguments for appeal. *See, e.g.*, *Mosier v. State*, 2023 Ark. App. 469; *Porchay*, *supra*. Moreover, Rule 33.1 is strictly construed. *Mosier*, *supra*.

Here, Montgomery argued in his directed-verdict motion that the State failed to prove "actual possession" because the firearm was not found on his person and that the vehicle belonged to his girlfriend. He did not argue that the State failed to prove constructive possession, that the firearm was not immediately and exclusively accessible to him, or that the State failed to establish the requisite nexus or linking factors.

Because Montgomery's motion focused solely on actual possession and did not specifically challenge constructive possession or the sufficiency of linking factors, the argument he now raises on appeal is not preserved for our review. *See* Ark. R. Crim. P. 33.1(c); *Mosier*, *supra*; *Porchay*, *supra*. But even if the argument were preserved, we would affirm.

A person commits the offense of possession of a firearm by certain persons if he or she has previously been convicted of a felony and thereafter possesses or owns a firearm. Ark. Code Ann. § 5-73-103(a)(1). The State is not required to prove literal physical possession of contraband in order to prove possession as an element of a crime, and a defendant's constructive possession will suffice. *Porchay*, *supra*.

Constructive possession is the control of, or right to control, the contraband. *Adair v. State*, 2026 Ark. App. 68. It may be established by circumstantial evidence and can be inferred when the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* When there is joint occupancy of a vehicle,

5

additional linking factors may be required to establish a nexus between the accused and the contraband. *Id.* However, when the accused is the sole occupant of the vehicle, the joint-occupancy analysis does not apply. *See Cain v. State*, 2020 Ark. App. 465, 609 S.W.3d 680; *Bens v. State*, 2020 Ark. App. 6, 593 S.W.3d 495.

Here, Montgomery was the sole occupant of the vehicle when officers arrived and the only person who exited it. The firearm was located in plain view between the driver's seat and the center console—an area immediately accessible from where he emerged.

Additionally, Montgomery admitted, "I've got a gun in the car," after the weapon was seen. He initially denied having a gun and provided multiple false names to officers. Evidence of suspicious behavior and false statements may be considered as indicative of consciousness of guilt. *See, e.g.*, *Lane v. State*, 2025 Ark. App. 522, 725 S.W.3d 527 (noting that the use of a false name after the commission of a crime is commonly accepted as relevant to show consciousness of guilt); *Wray v. State*, 2023 Ark. App. 465, 678 S.W.3d 431 (holding that efforts to conceal a crime and evade detection along with false or contradictory statements to explain suspicious circumstances may be considered as evidence of guilt).

Although Montgomery testified at trial that the gun belonged to his girlfriend and that she had been driving earlier, the jury was free to disbelieve his self-serving testimony. *E.g.*, *Bens*, *supra*. The ownership of the vehicle is not dispositive, particularly where Montgomery was the sole occupant, and the firearm was immediately accessible to him. *See id*.

6

Viewing the evidence in the light most favorable to the State, we conclude that substantial evidence supports the jury's finding that Montgomery constructively possessed the firearm. The gun was in plain view and immediately accessible to him; he was alone in the vehicle; and he admitted its presence in a manner from which the jury could infer control. Accordingly, we affirm Montgomery's conviction.

Affirmed.

WOOD and MURPHY, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Mallory Wood*, Ass't Att'y Gen., for appellee.