Cite as 2026 Ark. App. 268

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-25-407

| | | |
|---|---|---|
| LILIANA BELTRAN | | Opinion Delivered April 29, 2026 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-23-403] |
| V. | | |
| | | HONORABLE MARC MCCUNE, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Liliana Beltran appeals the Crawford County Circuit Court order convicting her of three counts of permitting abuse of a minor. On appeal, Beltran challenges the sufficiency of the evidence, arguing that she became aware of the abuse only after it occurred. This argument is not preserved, and we affirm.

On August 30, 2025, Beltran was charged by amended criminal information with six counts of permitting abuse of a child involving sexual activity. Each count was alleged to involve the failure to act from November 16, 2014, to January 23, 2023. The child was her sixteen-year-old daughter, hereinafter referred to as "daughter." The charges stem from the daughter's confession to her biological father that she had been sexually abused by Beltran's husband, Milton Beltran, for many years. Milton was convicted of six life sentences for these crimes on August 26, 2024.

A brief overview of the three-day jury trial surrounding Beltran's charges follows. The daughter detailed the abuse that began when she was nine. She recalled attempting to tell Beltran that she was uncomfortable around Milton, but Beltran warned her that the disclosure could ruin Beltran's life and land the daughter in foster care where, Beltran told her, children are "raped and killed." The daughter told Beltran that she was not trying to ruin her life and took back the accusation, saying that Milton was probably just playing around. The daughter testified that she was thirteen the first time Milton forced her to have sexual intercourse. Afterwards, the daughter told her mother that Milton was still touching her and that the touching continued to make her uncomfortable. Beltran told the daughter to tell Milton that the daughter would report the touching to Beltran if he did it again. The next time Milton tried to abuse her, the daughter followed the direction of her mother. Milton assured the daughter that telling Beltran "made no difference."

Testimony further established that Beltran walked in while the abuse was occurring on at least two occasions. Beltran warned the daughter to stay out of sight, to start locking her bedroom door, and to not leave her room if Beltran was not home.

After presenting its evidence to the jury, the State rested, and Beltran moved for directed verdict, arguing that the fact-finder could not return a guilty verdict "based upon the testimony regarding the two disclosures that were made by the victim." After Beltran rested, she renewed her directed-verdict motion with no changes. The circuit court denied both motions.

Beltran was convicted of three counts of permitting abuse of a minor and acquitted of three counts of the same. She was sentenced to eight years' incarceration on the first count and a five-year suspended sentence for the second and third counts to run concurrently with count one. She was also required to complete twelve months of counseling and register as a sex offender. This appeal followed.

On appeal, Beltran argues that there was insufficient evidence to support her conviction of permitting abuse of a minor.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, and only the evidence supporting the verdict will be considered. *Montgomery v. State*, 2026 Ark. App. 186, at 4, ___ S.W.3d ___, ___. A conviction is affirmed if substantial evidence exists to support it, meaning the evidence is forceful enough to compel a conclusion beyond suspicion or conjecture. *Id.* Circumstantial evidence may support the conviction, but it must be inconsistent with any other reasonable hypothesis of innocence. *Id.* Whether the evidence excludes all other reasonable hypotheses that show innocence is a decision for the jury. *Id.* The jury is responsible for determining witness credibility and resolving any inconsistencies in the evidence. *Id.*

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must move for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. *Thompson v. State*, 2026 Ark. App. 96, at 6–7, 730 S.W.3d 76, 81. A motion for directed verdict shall state the specific grounds therefor. *Id.* Without a circuit court's ruling on a specific motion, there is nothing for this court to

review. *Id.* Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. *Id.* An appellant must make a specific motion for a directed verdict that informs the circuit court of the exact element of the crime that the State has failed to prove. *Id.*

A person commits the offense of permitting abuse of a minor if, being a parent, guardian, or person legally charged with the care or custody of a minor, he or she recklessly fails to take action to prevent the abuse of a minor. Ark. Code Ann. § 5-27-221(a) (Repl. 2024). On appeal, Beltran contends she became aware of the abuse only after it occurred. However, her directed-verdict argument at the trial level was that the fact-finder could not reach a guilty verdict "based upon the testimony regarding the two disclosures that were made by the victim." Beltran's general directed-verdict motion did not specifically apprise the circuit court of how she alleged the evidence was insufficient, much less on the ground alleged now. Thus, Beltran's sufficiency challenge is not preserved for appellate review.

Affirmed.

TUCKER and BARRETT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Mallory Wood*, Ass't Att'y Gen., for appellee.